[Opinion delivered January 15, 1884.]

---

## LOUIS WISE v. MARY O'MALLEY.

(Case No. 1640.)

1. JURISDICTION — PROBATE COURT — STATUTE CONSTRUED.— Art. 2096, Revised Statutes, does not confer upon the probate court jurisdiction over contracts which are not executory in their character.
2. JURISDICTION OF PROBATE COURTS.— No general jurisdiction to establish claims against an estate can be exercised by the probate court except in the mode provided by law; and where there are conflicting claims between the estate and some other person to specific property, they must be settled in some other than the probate court.
3. SAME.— The district court can acquire no jurisdiction by an appeal from the probate court when the jurisdiction of the probate court over the subject matter of the controversy did not exist.

APPEAL from Cameron. Tried below before the Hon. John C. Russell.

The opinion states the case.

*Scott & Hord*, for appellant.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by Louis Wise in the probate court for Cameron county, practically to recover a certain draft which had been issued to Patrick O'Malley by the custom house officer for his services as United States custom house inspector for the month of August, 1882.

Wise claimed, prior to the rendition of the services by O'Malley, to have purchased from him his salary for the month of August, 1882, which amounted to $108.50, and after the death of O'Malley the draft for that sum was delivered to the appellee as the administratrix of his estate.

The contract between Wise and O'Malley was in writing and was as follows:

"BROWNSVILLE, TEX., August 1, 1882.

"For value received I have this day sold and transferred this my salary (pay) as U. S. Cust. House Inspector for the month of August, eighteen hundred and eighty-two, amounting to one hundred and eight 50–100 dollars, U. S. currency, to Louis Wise or his order, and authorize above named L. Wise to receive and receipt for the same.

(Signed)                          "PATRICK O'MALLEY,
                                                "Inspector."

There are many questions presented by the record growing out of the action of the courts below, which, in the view we have of the case, it is not necessary to consider.   The action was brought in the probate court, and it is contended that it· has jurisdiction of such a case under art. 2096, R. S.   This article provides for the specific performance of contracts made by a decedent in cases in which ·he has sold property and has entered into an agreement by bond or other writing to make title to such property, and it provides the mode of procedure, in such cases, which may be pursued in a probate court.   The writing made the basis of appellant's action is not executory in character.   It contemplated no further act upon the part of O'Malley to give complete evidence of right to Wise.

If the subject matter of contract was such as O'Malley might åssign, the writing itself was sufficient to pass all the title he had or could transmit.

Whether the salary of O'Malley was subject to assignment, as the case is presented, we are not called upon to consider.

The probate court has no general jurisdiction, except in the mode expressly provided by law, to establish claims against an estate, and in all cases in which an indebtedness of an estate is sought to be established, if ·resisted by the representative of the estate, it must be established by suit in some court having jurisdiction of the mat-

ter; and in cases in which there are conflicting claims between an estate and some other person to specific property, such claims must be settled in some other than the probate court.

Any claim which the appellant has, under his contract with O'Malley, is not of such character as to authorize the probate court to enforce it under art. 2096. Peters v. Phillips, 19 Tex., 73; Norris v. Duncan, 21 Tex., 596; Booth v. Todd, 8 Tex., 138. And if the estate of O'Malley be in any manner responsible to him, that fact cannot be determined by a suit in the probate court, but should have been ascertained in the court of a justice of the peace.

The record as presented is not such as to enable us to determine whether the former suit between the parties, instituted in the justice's court and appealed to the county court, and there determined in favor of the appellee, is a bar to the claim sought to be established in this.

The probate court correctly decided the case on demurrer against the appellant, for it is evident that it had no jurisdiction of the case, and it is unimportant upon what ground the district court on appeal decided the case in favor of the appellee; for, wanting jurisdiction in the probate court, the district court could acquire none by an appeal from its decision.

The district court having no jurisdiction of the case, none of the reasons given for its judgment will interpose any obstacle to the prosecution of any suit which the party may be entitled to maintain, and that judgment must be considered simply as a dismissal of the appeal from the probate court, and so considered it is affirmed.

AFFIRMED.

[Opinion delivered January 18, 1884.]