THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED
WORKMEN v. MICHAEL NOLL AND CHRISTINE NOLL.

*Mutual benefit associations—Change of beneficiary—Loss of cer-
tificate—Disposition by will.*

1. A court of equity will recognize the disposition by will of a
   certificate of insurance in a benefit association, where, by rea-
   son of the member having lost or mislaid the certificate with-
   out fault on his part, it is impossible for him to name a new
   beneficiary by indorsement upon the certificate, as required by
   the by-laws of the association.
2. The Court distinguish such a case from *Supreme Lodge v. Nairn*,
   60 Mich. 54, and follow *Grand Lodge v. Child*, 70 Mich. 163.

Appeal from Jackson. (Kinne, J., presiding.) Argued
January 12, 1892. Decided January 22, 1892.

Bill of interpleader. Defendant Michael Noll appeals.
Decree reversed, and one entered in this Court in favor
of appellant. The facts are stated in the opinion.

*Albert P. Jacobs*, for complainant.

*Blair, Wilson & Blair*, for appellant.

*Loud & Price*, for defendant Christine Noll.

MONTGOMERY, J. This is a bill of interpleader, the
contest being between the two defendants, Christine
Noll and Michael Noll.

It appears that one Jacob Noll, the son of Michael
Noll, and husband of the defendant Christine Noll,
became a member of the Order of United Workmen, and
received a certificate dated July 3, 1879, stating that he
was entitled to all the rights and privileges of member-
ship in the order, and to participate in the beneficiary
fund of the order to the amount of $2,000, which sum

should, at his death, be paid to his wife, Christine Noll, and also containing a provision as follows:

"This certificate is issued upon the express condition that said Jacob Noll shall in every particular, while a member of said order, comply with all the laws, rules, and requirements thereof."

The only provision of the by-laws relating to a change of beneficiary is section 18, art. 7, which provides that—

"Any member holding a beneficiary certificate, desiring at any time to make a new direction as to its payment, may do so by authorizing such change in writing on the back of his certificate in the form prescribed, attested by the recorder, with the seal of his subordinate lodge attached, and by the payment to the grand lodge of the sum of fifty cents."

No authorization of a change of beneficiary was ever indorsed upon the certificate in the form prescribed; but shortly before his decease Jacob Noll executed a last will and testament, in which he bequeathed the insurance money to the defendant Michael Noll. This will has been duly probated after a contest made by defendant Christine Noll on the ground of mental incapacity of Jacob Noll, and alleged undue influence exerted by Michael Noll and others.

The testimony is very conflicting as to the mental condition of Jacob Noll at and about the time of making this will. We are satisfied, however, from a careful examination of the record, that Jacob Noll desired to make a change in the beneficiary named in the certificate, and caused a search to be made for the same, which was unavailing, and that thereupon he executed the will in question. The validity of this will is not now open to question; but it is still contended that, although probated and found to have been the last will and testament of Jacob Noll, a change in the beneficiary cannot be effected except by such an indorsement as section 18 of the by-laws of the order requires.

It was held in the case of *Supreme Lodge v. Nairn*, 60 Mich. 54, that such an agreement between the company and the assured is to be observed by the courts, and that it evidences a purpose that the corporation shall always be in written contract relations with a member who is alive and is in good standing, which will show them the identity of the beneficiary to whom they are liable. But in the case of *Grand Lodge v. Child*, 70 Mich. 163, this Court held that in case a certificate is destroyed, without fault of the assured, so that it is impossible to exercise the right of naming a new beneficiary in accordance with the method prescribed by the by-laws of the corporation, a court of equity would recognize a designation of a beneficiary by any other method which may manifest his intention to exercise the right, which he unquestionably possessed, of changing the beneficiary. We think that that case is decisive of the case under consideration. The certificate having been lost or mislaid without fault of the assured, it was likewise impossible for him to name a new beneficiary in the manner prescribed by the by-laws, but a court of equity can and should recognize the disposition by will.

The decree below will be reversed, and one entered in this Court declaring the defendant Michael Noll entitled to the fund. No costs will be awarded in this Court.

MORSE, C. J., McGRATH and LONG, JJ., concurred. GRANT, J., did not sit.