WOODRUFF *v.* TILMAN.

1. MUTUAL BENEFIT ASSOCIATIONS—WILLS—CHARGE ON FUND.

   A person insured in a benefit society may, unless prohibited by the terms of his certificate or the rules of the society, charge the beneficiary by will with the payment of a debt out of the proceeds of the insurance.

2. EQUITY JURISDICTION—INSURANCE—TRUSTS.

   A bequest of a certificate of insurance in a mutual benefit society, coupled with a provision that the beneficiary shall pay a certain debt out of the proceeds, creates a trust in favor of the creditor, which is enforceable in equity upon the debtor's decease.

Appeal from Wayne; Hosmer, J. Submitted February 3, 1897. Decided March 23, 1897.

Bill by Ari E. Woodruff against Anna Tilman to enforce an alleged trust in the proceeds of a certificate of insurance. From a decree dismissing the bill, complainant appeals. Reversed.

February 25, 1888, one John J. Tilman borrowed of one Charles Reh $150. Tilman was a member of the Ancient Order of United Workmen, in which he held a beneficiary certificate of $2,000. September 16, 1890, Tilman made his will, devising all his real and personal estate and the beneficiary certificate above mentioned to his wife, the defendant. The provision of the will reads as follows:

"And also the two thousand dollar certificate, No. 7,549, due by life insurance, after my death, of the Brotherhood of the United Workmen of Iron City Lodge No. 78, in said Wyandotte, of which I am a member, and of which my said wife shall pay a certain amount, according to a codicil detached to this, my last will and testament, and in the possession of Charles Reh. Likewise, I

make, appoint, and constitute my said beloved wife, Anna Tilman, and my beloved son, Christopher Columbus Tilman, to be executors of this, my last will and testament, hereby revoking all former wills and testaments by me made."

At the same time, and for the purpose of securing the payment of this note, Mr. Tilman executed a codicil, in which he recited the above provision of his will, and then provided as follows:

"Now, therefore, I do, by this, my writing, which I hereby declare to be a codicil to my last will and testament (and although detached), to be taken as a part thereof, order and declare that my will is that my said wife, Anna Tilman, as executrix of said will, shall pay to Charles Reh, out of the residue of my estate, the sum of one hundred and fifty ($150.00) dollars, with interest thereon at the rate of six per cent. per annum from the 25th day of February, one thousand eight hundred and eighty-eight (1888), for which amount the said Charles Reh holds a promissory note signed by me. It is lastly my desire that this codicil, which is detached from my last will and testament, shall be made a part of my last will and testament, as aforesaid, to all intents and purposes."

The note in question was attached to this codicil, and was sold and transferred to the complainant. The only other estate left by the deceased were a small amount of household furniture, of little or no value, and a house and lot, the title to which was in Mr. Tilman and his wife. As survivor, therefore, she takes title to the land.

The bill sets forth the above facts; that the defendant was cognizant of them; that the money obtained from Reh was required and used in keeping the beneficiary certificate in force; and that the defendant and members of her family openly claim that, if she can get this money into her hands, complainant will be paid nothing. The prayer of the bill is "that this court decree to your orator the amount of his interest by virtue of the claim in this bill recited, and thereby determine how and in what manner the same shall be paid or secured to him, inde-

pendently of any control over the same by the defendant, Tilman." The answer admits substantially the allegations of the bill, and claims that no change in the beneficiary named in the certificate was ever made by Tilman, and that defendant is the beneficiary. Proofs were taken in open court, and the bill dismissed. The defendant introduced no proofs.

*John Galloway*, for complainant.

*George W. Coomer*, for defendant.

GRANT, J. (*after stating the facts*). While the bill is crudely drawn, the allegations and the prayer are sufficient to sustain the claim of the complainant as a lien or trust. The terms of the beneficiary certificate are not before us, and the proofs are inexcusably meagre, but it appears that the will and codicil were executed at the same time, and the purpose of Mr. Tilman is clear, viz., to charge his beneficiary with the payment of this debt out of the insurance money, or, in other words, to change his beneficiary, as to a portion of the insurance, to his creditor. This he had the right to do, unless prohibited by the rules of the association. The Ancient Order of United Workmen is a mutual benefit association, organized under the laws of this State. It is held that certificates in these associations partake of the nature of testamentary dispositions of property, and must be construed in the same manner as bequests by wills. *Union Mutual Ass'n* v. *Montgomery*, 70 Mich. 587, 595 (14 Am. St. Rep. 519). They may be disposed of by will under certain conditions. *Grand Lodge A. O. U. W.* v. *Noll*, 90 Mich. 37 (30 Am. St. Rep. 419). Their assignment is valid as a security. *Metropolitan Life Ins. Co.* v. *O'Brien*, 92 Mich. 584. The insured may change his beneficiary as often as he chooses. See authorities above cited.

Mr. Tilman was evidently aware, when he executed the will and codicil, that he was possessed of no other prop-

erty out of which this debt could be paid. He desired to secure it, and therefore provided that his beneficiary should receive the insurance money burdened with the obligation of the payment of this note, and that his creditor should at his death have a lien upon the fund for the amount due him. The insurance money did not belong to the estate. This bill was filed upon the theory that Mrs. Tilman had not received the money, for it asked for an injunction to restrain her from collecting it, and the association from paying it to her. Whether an injunction was issued does not appear. It does not appear either by the answer or proofs whether she has received it. Complainant was under no obligation to present his claim in the probate court. He was entitled to look to his security. We think that a court of equity is the proper forum for the enforcement of his lien.

We are also of the opinion that complainant made out a *prima facie* case for relief. It appears conceded that the certificate of insurance is valid and in force. It was in defendant's possession, and, if it prohibited Mr. Tilman from imposing this trust upon her, she should have produced it. There is evidence to show that, when complainant purchased the note, she understood the arrangement, knew that he purchased it upon the faith of the security, and by her silence assented to it. She presented the will for probate, and presumptively has taken the benefits of and title to the property under it.

The decree will be reversed, and decree entered in this court for complainant, with costs of both courts.

The other Justices concurred.