## PAYMENT ORDERED TO BENEFICIARY INTENDED BY THE DECEASED.

Circuit Court of Cuyahoga County.

JANE ABERNETHY v. SUPREME COUNCIL OF THE ASSOCIATION OF CATHOLIC MUTUAL BENEFIT ET AL.

Decided, January 25, 1909.

*Mutual Benefit Association—Change in Beneficiary—Inability to Comply with Rules—Intention of Member.*

Where a mutual benefit association pays into court the fund due the beneficiary of one of its deceased members with the statement that there are rival claimants to the fund and asks the court to determine to which claimant it shall be paid, the fund will be ordered paid to the beneficiary clearly intended by the deceased member, though by irregular designation, circumstances over which he had no control and his death preventing a change in beneficiaries strictly in accord with the rules of the association.

*Kerruish & Kerruish,* for plaintiff in error.
*Herman Preusser* and *Walter D. Meals,* contra.

METCALFE, J. (of the Seventh Circuit, sitting in place of Henry J.) ; WINCH, J., and MARVIN, J., concur.

Defendant in error, plaintiff below, began this action by filing in the common pleas court a paper called a petition for an interpleader, to which Jane Abernethy, Jennie McCormick and Edna McCormick were made parties defendant.

The facts in this case, as far as it is necessary to state them in order to understand the issues, are, in brief, about as follows:

The defendant in error, as its name indicates, is a mutual insurance association. Charles E. Abernethy was a member in good standing of said association, holding a benefit certificate therein for one thousand dollars, which became due and payable in sixty days after his death, on proper proofs and notice of death. Charles Abernethy died June 3, 1905. Jane A. Abernethy was his wife, and was named as beneficiary in the certificate. Jennie McCormick was a sister of Charles, and Edna

McCormick was his niece.  Shortly before his death Charles E. Abernethy attempted to revoke the direction in the benefit certificate, as to whom payment should be made at his death, by the execution of the following instrument:

"CLEVELAND, O., June 1, 1905.

"To the Catholic Mutual Benefit Association, Cathedral Branch, No. 33, Roll 148.

"I, Charles E. Abernethy, to whom a certificate was issued in said beneficial order, hereby revoke my former direction as to the payment of the beneficiary fund at my death, and now authorize and direct such payment to be made to my sister, Mrs. Jennie McCormick, residing at 59 Delaware street in the city of Cleveland, Ohio, and to Miss Edna McCormick, my niece, daughter of Mrs. Jennie McCormick, above referred to.

"Witness my hand the 1st day of June, 1905.

"CHARLES A. ABERNETHY.

"Witness:

"J. J. Wagner, 647 St. Clair St.

"Jane A. Abernethy, 59 Delaware street."

The association claimed that it was unable to decide to whom the mortuary benefit belonged, by reason of the conflicting claims of Jane Abernethy and the McCormicks, so paid the money into court and asked that the defendants be required to set forth their respective claims to the money, which they did by way of cross-petition, and the only issues to be determined arise under the allegations of their several cross-petitions and the answers and replies thereto.

Jane Abernethy claimed the money by virtue of her designation as beneficiary in the original certificate. Jennie McCormick and Edna McCormick claimed it by virtue of the instrument executed by Charles Abernethy June 1, 1905.  So that the only question for this court to determine is, did the instrument executed by Charles Abernethy before his death change the beneficiary from Jane A. Abernathy, named in the benefit certificate, to Jennie and Edna McCormick?

The cross-petition of Jane Abernethy avers that Charles Abernethy for some time before his death had been addicted to the intemperate use of intoxicating liquors; that he had for several years contributed but little to her support; that he had become

feeble bodily and mentally; that he had without cause acquired an aversion to her; that his sisters and brothers had stirred him up to strife, and had by undue means and influence forced him into signing several transfers of property, among which was the instrument in question. It is not necessary for us to go over all the evidence bearing upon these propositions. There is evidence tending to show failing mental powers on the part of Charles Abernethy; there is evidence of excessive use of intoxicants, and that he seemed to have an aversion to his wife, so far as appears from the evidence, without cause. But there is no evidence tending to show undue influence, and the mental weakness shown is entirely insufficient to avoid said contract on that account.

Section 5 of the defendant's beneficiary fund law provides that ''a member may at any time change, alter or amend the designation of person or persons to whom the benefit named in the certificate is payable, by surrendering said certificate, after having filed or caused to be filed a blank for that purpose on the back of the same, providing for new designation (such designation must be within the class or classes of persons mentioned in Section 13 of the beneficiary fund law), and attach his signature to it.''

It was the duty of the secretary of the members branch to attach the seal of his branch to the certificate and forward it to the grand secretary, if in his immediate jurisdiction, and upon receipt thereof by the grand secretary, it became his duty to issue a new certificate.

It is conceded that Jennie McCormick and Edna McCormick come within the designation of Section 13 of the mortuary fund law as persons who may be made beneficiaries. None of the provisions of the above Section 5 were complied with literally. The benefit certificate was in the hands of Jane Abernethy, so that the new designation could not be made on the back thereof, and the assignment was made on a separate piece of paper, which was forwarded to the grand secretary, but before a new certificate could be issued, possibly before the assignment reached him, Charles Abernethy died.

That Charles Abernethy intended to change the beneficiary in said certificate is perfectly clear; that he had a right to do so is equally clear.  It is insisted, however, that inasmuch as Charles Abernethy failed to complete the assignment or designation of a new beneficiary before he died and the forms prescribed by the above quoted Section 5 were not complied with, that such designation never took effect.

The parties to the contract of insurance are the insurance association and Charles E. Abernethy.  Jane Abernethy had no vested interest in the benefit fund while Charles Abernethy lived; her interest only vested when he died.  The law of the association relating to change of beneficiary is for the benefit of the insurance association.  The association had an undoubted right to waive a literal compliance with its terms.  The association is not claiming anything in this case because of such failure to comply with its terms.  By starting this proceeding and asking that the controversy be settled between Jane Abernethy and the McCormicks, it seems to recognize the fact that the assignment by Charles Abernethy might be complete.  However that may be, we think that under the law Charles Abernethy having, by the execution of this instrument expressed his intention to change the beneficiary, and having done all he could do to carry out the provisions of the law, his intentions, so expressed, should be carried out.  The fact that he died before the formalities required by the law of the association were completed, does not affect the result.  The execution of the instrument by him was the essential thing to effect the change of beneficiary; the forwarding of the instrument and the execution of a new benefit certificate were matters of detail.  The issuing of a new certificate would have been a vain thing after his death.

The assignment was received by the association.  The only objection that could have been made to it was the failure to surrender the benefit certificate.  But the benefit certificate was in the possession of Jane Abernethy so that it could not be surrendered.

In the case of *Supreme Conclave, Royal Adelphia,* v. *Cappella,* 41 Fed. Rep., p. 1, it is said:

"In cases of policies of insurance or benefit certificates issued by mutual benefit societies, the beneficiary has no vested interest in the certificate until the death of the insured member. Up to this time the insured may change his designation of beneficiary at will, and against the consent of such beneficiary.

"The general rule that the insured is bound to make such change of beneficiary in the manner pointed out by the policy and by-laws of the association is subject to three exceptions: (1) If the society has waived a strict compliance with its own rules, and, in pursuance of a request of the insured to change his beneficiary, has issued a new certificate, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued. (2). If it be beyond the power of the insured to comply literally with the regulations a court of equity will treat the change as having been legally made. (3). If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but, before the new certificate is actually issued, he dies, a court of equity will treat such certificate as having been issued."

In *Railroad Company* v. *Wolfe*, a member of a railroad benefit association held a certificate in which his wife was named as beneficiary. The wife died and he substituted her sister in the manner provided by the laws of the association. He afterwards married after having made an ante-nuptial agreement to designate his wife as such beneficiary. He died, however, before making the substitution, and the court held that the wife and not the sister, was to be treated as the beneficiary. Also that the association having paid the money into court and asked to have the matter settled between the contesting claimants, had waived its rights.

In 15 L. R. A., 350, it is said:

"A designation may be made by will of a new beneficiary to receive the fund to become due by reason of a certificate of membership in a mutual benefit society, although the rules of the order provided for a change by endorsement on the back of the certificate, where through no fault of the member a certificate has become lost or mislaid so that a search for it, at his request, proves unavailing."

The cases cited are typically bearing upon the issues involved in this case. It is needless to multiply the citation of authorities.

While it may be conceded that the association might have insisted upon a compliance with its rules, yet it did not do so. It began this proceeding, paid the money into court and withdrew from the contest, saying, in effect, to the parties, fight it out between yourselves.   We think this was a complete waiver of all objection to any failure to observe the formalities of the law of the association in the designation of the new beneficiary, and Charles Abernethy having done all that he could to effect the change, his clearly expressed intention to substitute his sister and niece for his wife as the object of his bounty will be carried out.

Judgment affirmed.