121 N. W. 765.

---

MARY E. FINN AND MARY M. CARNEY, PETITIONERS, AND M. J. MORAN, AS ADMINISTRATOR OF THE ESTATE OF MARTIN A. WALSH, DECEASED, v. JOHN WALSH, GEO. W. WALSH, JOSEPHINE WALSH, MARY KEYES AND ELIZABETH PORTER.

Opinion filed May 21, 1909.

Life Insurance — Executors and Administrators — Appeal and Error — Proceeds of Benefit Certificate—Right to Distribution—Jurisdiction.

1. One W., who held two beneficiary certificates, one issued by the Loyal Americans and the other by the American Yeomen, fraternal benefit societies, both payable to his "legal heirs," died testate, and in his will he devised and bequeathed all his property, both real and personal, to appellants F. and C., and specially mentioned therein all life insurance of every name and description. Such will was duly probated, and said societies paid to one M., who was the duly appointed and acting testamentary administrator, the amount due under such benefit certificates. Upon the hearing of M.'s final account pursuant to his petition for an order of final distribution, respondents, who are the sole heirs of decedent, intervened and filed an answer to M.'s petition, setting forth their claims to the fund received under such certificates, whereupon the county court, assuming jurisdiction to adjudicate the rights of the respective claimants to such fund, entered a decree of final distribution awarding same to F. and C. On appeal the district court reversed such decree, and ordered the county court to enter a decree awarding the fund to respondents. *Held,* that the county court had no jurisdiction to try and determine the right and title to such fund as between the respective claimants, and consequently the district court on such appeal acquired no jurisdiction to adjudicate such question, and its judg-

ment directing the county court to distribute such fund to respondents, and awarding costs and disbursements to them, was erroneous.

**Question Not Decided.**

2. The estate of decedent has no interest in the proceeds of such certificates, but whether they belong to appellants F. and C., or to respondents is not decided.

**County Court — Jurisdiction — Power to Enlarge.**

3. The Constitution of North Dakota, section 111, defining the jurisdiction of county courts, confers authority upon such courts in probate, testamentary and guardianship matters merely, and it is beyond the power of the Legislature to enlarge such jurisdiction by statute.

**Same — Executors and Administrators — Proceeds of Benefit Certificates.**

4. Rev. Codes 1905, section 8083, was not designed to enlarge the constitutional grant of power to county courts, nor did the legislatuie, by its enactment, intend to make the proceeds of such life insurance policies and beneficiary certificates as are therein mentioned a portion of the estate of the insured, but the intent was merely to exempt from the payment of these debts of the decedent all such proceeds as might become assets of such estate.

Appeal from District Court, Grand Forks county; *Templeton,* Judge.

Final accounting of M. J. Moran, as testamentary administrator of Martin A. Walsh, deceased. From the decree of distribution entered, John Walsh and others appealed to the district court, where the decree of the county court was reversed; and Mary E. Finn and another and the administrator appeal.

Reversed.

*George A. Bangs,* for appellants.

The functions of probate courts are limited to administration and devolution of property; the right of decedent to property as against third parties, their rights as against his representatives, are to be tried by courts of general jurisdiction. 1 Woerner on Law of Admrs., 345; In re Walker Estate, 136 N. Y. 20, 32 N. E. 633; In re Haas estate, 97 Cal. 232, 31 Pac. 893; In re Thompson estate, 76 N. E. 870; In re Bolton estate, 53 N. E. 756; In re Hawes estate, 104 N. Y. at 262, 10 N. E. 352; Riggs v. Cragg, 89 N. Y. 479; In re Mousseau's estate, 40 Minn. 236, 41 N. W. 977.

Where the policy of mutual benefit insurance does not take away the power to change the beneficiary—the member has that right, and the beneficiary has a mere expectancy dependant on the will of the insured. Nieblack on Benefit Societies, 407; Masonic Mut. Ben. Soc. v. Burkhart, 10 N. E. 79; Splown v. Chew, 60 Tex. 532; Richmond v. Johnson, 28 Minn. 447, 10 N. W. 596; Delaney v. Delaney, 51 N. E. 961; Schoenau v. A. O. U. W., 88 N. W. 999; St. Louis Ass'n v. Strode, 77 S. W. 1091; Cooley's Briefs, on Insurance, Vol. 4, 3762 and cases cited.

A stipulation and rules of procedure as to change of beneficiary may be waived by the society. Splawn v. Chew, 60 Tex. 532; Manning v. A. O. U. W., 86 Ky. 136, 5 S. W. 385; Fischer v. Malchow (Minn.), 101 N. W. 602; St. Louis Co. v. Strode, 103 Mo. App. 693, 77 S. W. 1091; Schoenau v. Grand Lodge, 85 Minn. 349, 88 N. W. 999; Delaney v. Delaney, 51 N. E. 961.

*J. A. Sorley*, for respondent.

Mode of change of beneficiary must be strictly complied with. 3 Am. & Eng. Enc. Law, 993-5. Fink v. Fink, (N. Y.) 64 N. E. 506; Gladden v. Gladden, 8 N. Y. Sup. 880; Thomas v. Thomas, 30 N. E. 61; Jory v. Supreme Council, 38 Pac. 524; McLaughlin v. McLaughlin, 37 Pac. 865; Order of Mut. Companions v. Griest, 18 Pac. 652; A. O. U. W. v. Fisk, 85 N. W. 875; Knights of Honor v. Nairn, 26 N. W. 826; Shuman v. A. O. U. W., 82 N. W. 330; Stephenson v. Stephenson, 21 N. W. 19; Wendt v. Iowa Legion of Honor, 34 N. W. 470; Hainer v. Iowa Legion of Honor, 43 N. W. 185; Supreme Council v. Smith, (N. J.) 17 Atl. 770; A. O. U. W. v. Connoly, (N. J.) 43 Atl. 286; Holland v. Taylor, (Ind.) 12 N. E. 116; Bower v. Sampson, 102 Ind. 262, 1 N. E. 571; McCarthy v. N. E. Order, 10 N. E. 166; Am. Legion of Honor v. Perry, 5 N. E. 634; Clarke v. Supreme Council, 57 N. E. 787; Jinks v. Banner Lodge, 21 Atl. 4; Masonic Mut. v. Jones, 26 Atl. 255; Hamilton v. Royal Arcanum, 42 Atl. 186; Heasley v. Charch, 49 N. E. 408.

Upon the death of the assured beneficiaries acquire a vested right in the certificate, and it cannot be diverted without their consent. 3 Am. & Eng. Enc. Law, 998; McLaughlin v. McLaughlin, 37 Pac. 865; Shuman v. A. O. U. W., 82 N. W. 330; Daniels v. Pratt, 10 N. E. 166; Wendt v. Iowa Legion of Honor, 34 N. W. 470.

No one but a party to the consideration could sue upon the contract of insurance. 11 Enc. of Pl. & Pr., 389-390; Rindge v. N. E.

Material Aid Society, 15 N. E. 628; Flynn v. Mass. Benefit Association, 25 N. E. 716; Dean v. American Legion; 31 N. E. 1; McCarthy v. Metropolitan Life Insurance Company, 38 N. E. 435; Monroe v. Providence Permanent Fireman's Relief Association, 34 Atl. (R: I.) 149.

FISK, J. The facts necessary to a correct understanding of the questions involved on this appeal are not in dispute and are briefly as follows: On or about November 13, 1904, one Martin A. Walsh died testate, and in his will, dated March 25, 1903, he bequeathed all his property to appellants, Mary E. Finn, and Mary M. Carney, share and share alike, and he attempted thereby to bequeath to them the proceeds of two certain mutual benefit certificates hereinafter mentioned. The testator owned no real property and but a small amount of personalty at the time of his death. By his will he nominated and appointed the said Mary E. Finn and Mary M. Carney as executrices of his estate, but, they each having declined to serve, the appellant Michael J. Moran was duly appointed and qualified as testamentary administrator. Such will was duly admitted to probate. Thereafter the proceeds of such mutual benefit certificates, amounting in the aggregate to $3,031.14, were paid to the said Moran as such testamentary administrator. These mutual benefit certificates were as follows: Brotherhood of American Yeomen, $3,000, issued on May 5, 1899; Loyal Americans, $2,000, issued on February 10, 1902. The benefits under each of said certificates were made payable to the "legal heirs" of the said Martin A. Walsh as beneficiaries. After the testamentary administrator had fully administered said estate, he presented a final account praying for settlement thereof and a final discharge, whereupon the respondents, who are brothers and sisters of the deceased and and his sole heirs at law appeared before the county court and filed an answer to the petition of the administrator aforesaid, in which they set forth inter alia that the personal property of the estate of said deceased amounted to $100, and in addition thereto insurance policies and membership certificates as alleged and set out in the petition; that there came into the hands of said administrator, as the assets of said estate, the sum of $1,500 under the certificate issued by the American Yeomen, and the sum of $1,531.14 under the certificate issued by the Loyal Americans, which moneys they alleged were a part of the assets of the said estate, and which belong

and should be distributed to them as the legal heirs of said Martin A. Walsh. They also allege that the Brotherhood of American Yeomen and the Loyal Americans are benevolent organizations, the former being incorporated under the laws of the state of Iowa, and the latter under the laws of the state of Illinois, and that by the by-laws, rules and regulations of each of said organizations, beneficiaries of certificates issued to members were restricted to persons of blood relationship to the member, and under such by-laws, rules and regulations beneficiaries could be changed only in certain methods therein mentioned, and that the said Martin A. Walsh did not change the beneficiaries in either of said certificates; also, that the said Mary E. Finn and Mary M. Carney are not and were not related in any way to the said deceased nor dependent upon him, and are entitled to no part of such proceeds of said benefit certificates, and they prayed that such proceeds be distributed to them, as the heirs at law of such deceased, in equal shares, and that the said Mary E. Finn and Mary M. Carney receive no portion thereof. At the hearing in the county court on March 15, 1906, said petitioners and appellants on this appeal, Mary E. Finn, Mary M. Carney, and M. J. Moran, administrator aforesaid, filed an objection to the making of any order in said estate by the county court disposing of the proceeds of the certificates aforesaid in any manner or to any person or persons other than as mentioned and directed in such will, such objection being based upon the specific grounds, as stated, "that this court has no jurisdiction over any property other than such as actually, and, in fact, belongs to the estate of the said Martin A. Walsh, and that, if the proceeds of said membership certificate * * * belong to the estate of said Martin A. Walsh, then under and by the terms of said will * * * the same were devised to the said Mary E. Finn and Mary M. Carney; that this court has jurisdiction over the said M. J. Moran only for such acts as he can rightfully do as said administrator of said estate and that the said Moran, as administrator, has no power, authority or jurisdiction to act except in strict accord with the provisions of such will; that this court is absolutely bound as to the disposition of all the estate of said Martin A. Walsh by the terms of said will, and that, so long as said will is held to be a valid and subsisting will, this court has no jurisdiction to dispose of any of the estate of said Martin A. Walsh other than in accordance with

its terms." The county court thereafter made findings of fact and conclusions of law, in which it found inter alia that the Brotherhood of American Yeomen paid to the said M. J. Moran the sum of $1,500 and the Brotherhood of Loyal Americans paid to him the sum $1,531.14 in full settlement of such certificates and to be distributed according to the terms of such will, and that the said Moran, as such administrator, has such funds in his possession, and as conclusions of law that the said deceased intended to and did by the execution of such will, change the beneficiaries named in said benefit certificates from his legal heirs to the said petitioners, Mary Finn and Mary Carney, and that by the payments of the amounts due under such certificates to the said Moran, as such administrator, the said mutual benefit societies intended to and did waive any and all objections which they might have had to the method employed in the change of such beneficiaries, and that the said Mary Finn and Mary Carney are entitled to the proceeds of such benefit certificates according to the terms of the will. A decree of distribution was entered pursuant to such conclusions and findings, from which respondents perfected an appeal to the district court. Here the decree of the county court was reversed, in so far as the distribution of such funds is concerned, and the county court was ordered to make its final decree, distributing such proceeds to the respondents herein who are the heirs at law aforesaid of the decedent, and this appeal is prosecuted from the judgment of the district court aforesaid.

Appellants urge the following propositions in this court:

(1.) Assuming that theory of respondents to be correct, and that they, being the legal heirs, were the beneficiaries of the certificates and as such entitled to their proceeds, and that there was no change of beneficiaries, then the county court was without jurisdiction.

(2.) That the provisions of the will operated as a change of beneficiaries and that the societies had waived their by-law provisions.

(3.) That, under the statutes of this state, the proceeds of these certificates became a part of the decedent's estate, and must, therefore, be distributed according to the terms of the will.

The view we take of the first proposition renders it not only unnecessary, but improper, to dispose of the other very interesting

questions presented. It is entirely plain that the county court, in assuming to adjudicate the question as to the respective rights of these parties to this fund, exceeded its jurisdiction, and it is equally plain that the district court on such appeal committed error in so far as it assumed to adjudicate such question and to direct the county court to make and enter a final decree of distribution, decreeing, assigning, and vesting in respondents as such heirs the said sum of $3,031.14, being the proceeds of such beneficiary certificates. Such fund is and was no part of the decedent's estate; hence the county court had no jurisdiction over it, and could not, therefore, enter any valid judgment with reference to the distribution thereof. The insured had no interest in such fund. He merely had the right to designate to whom it should be paid after his death. Whether appellants or respondents are entitled to the same they take by contract and not by descent. This is manifestly so as to respondents, and conceding that the will operated to change the beneficiaries, it merely conferred upon appellants Finn and Carney a contract right to the fund. It served, at most, to divest the heirs of their contingent interests under the certificates, and vest the same in Finn and Carney. The fund being no portion of the estate of Walsh, he could not transfer the same by will, but by this we do not intend to intimate that the directions contained in such will might not be deemed as between these parties a sufficient exercise by the insured of his power of appointment of beneficiaries under such certificates. As to this we express no opinion, but on this very interesting question, however, we deem it not improper to here cite some of the numerous authorities, both pro and con. Splawn v. Chew, 60 Tex. 532; Dennett v. Kirk, 59 N. H. 10; Grand Lodge of the Ancient Order of United Workmen v. Bollman, 22 Tex. Civ. App. 106, 53 S. W. 829; Schmidt v. Iowa K. P. Ins. Ass'n, 82 Iowa 304, 47 N. W. 1032, 11 L. R. A. 205; Woodruff v. Tilman, 112 Mich. 188, 70 N. W. 420; Hall v. Allen, 75 Miss. 175, 22 South 4, 65 Am. St. Rep. 601; Titsworth v. Titsworth, 40 Kan. 571, 20 Pac. 213; Supreme Conclave Royal Adelphia v. Cappella (C. C.) 41 Fed. 1; Grand Lodge v. Noll, 90 Mich. 37, 51 N. W. 268, 15 L. R. A. 350, 30 Am. St. Rep. 419; Note to the case of Leavitt v. Dunn, 44 Am. St. Rep. 402; Grand Lodge Ancient Order of United Workmen v. Kohler, 106 Mich. 121, 63 N. W. 897; National Ass'n of the National Am. Ass'n v. Kirgin, 28 Mo. App. 80; Coleman v. Grand Lodge (Tex. Civ. App.) 104 S. W. 909; Silvers v. Benefit Ass'n 94 Mich. 39,

53 N. W. 935; Hainer v. Iowa Legion of Honor, 78 Iowa, 245, 43 N. W. 185; Phillips v. Carpenter, 79 Iowa, 600 44 N. W. 898; ·Catholic Order of Foresters v. Malloy, 169 Ill. 58, 48 N. E. 392; Burke v. Modern Woodmen of America, 2 Cal. App. 611, 84 Pac. 275; Brown v. Mansur, 64 N. H. 39, 5 ·Atl. 768; Bernheim v. Martin, 45 Wash. 120, 88 Pac. 106. See exhaustive note to the case of Estate of G. Bruce Harton, 4 L. R. A. (N. S.) 939; Fink v. Fink, 171 N. Y. 616, 64 N. E. 506; Knights of Maccabees v. Sackett, 34 Mont. 357, 86 Pac. 423, 115 Am. St. Rep. 532; Harton's Estate, 213 Pa. St. 499, 62 Atl. 1058, 4 L. R. A. (N. S.) 939; Schardt v. Schardt, 100 Tenn. 276, 45 S. W. 340; 29 Cyc. 134.

The respondents stand in the strange ·and inconsistent position of claiming, first, that the proceeds of these certificates are no part of the estate; and, second, that, notwithstanding such fact, the county court has jurisdiction to inventory and distribute such funds to them as the heirs of decedent. If the first contention be sound. the latter contention is manifestly untenable, as the two are irreconcilable. As before stated, the first contention is clearly correct. Were it otherwise, there could be no question about the validity of the county court's decree awarding such fund to appellants, in the absence of adverse claimants, as in such case the terms of the will would, of course, control. Respondents, however, as well as the trial court, seem to have taken the position, which position is here urged, that while such fund is no part of the estate, and the estate has no interest whatever therein, still under the provisions of section 8083, Rev. Codes 1905, authority is conferred upon the county court to inventory and distribute the same to the beneficiaries named in such certificates. This section is as follows: "The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the personal representatives of a deceased, his heirs or estate upon the death of a member of such society or of such insured shall not be subject to the debts of the decendent except by special contract, but shall be inventoried and distributed to the heirs or the heirs at law of such decedent." We are unable to agree with respondents' contention as to the effect to be given to the above section, nor do we agree with appellant's contention that the legislative intent in its enactment was to make the proceeds of all such certificates a part of the assets of the estate of the decedent. The evident purpose was to exempt from the payment of the decedent's debts the proceeds of all life insurance which

might become assets of the estate, and hence subject to distribution by the county court. The section as originally enacted clearly disclosed that such was its only purpose, and we think the amendment made by chapter 111, p. 181, Laws 1897, was not designed to change such purpose, but merely to make the section more clear with reference to the insurance included therein. It is needless to say that the Legislature signally failed in its latter attempt. We are not here required to determine the constitutionality of this section as above construed, but it is very apparent that the construction contended for it by respondent's counsel would render the act clearly violative of section 111 of our state constitution which restricts the jurisdiction of county courts to ·probate, testamentary, and guardianship matters. An attempt to confer upon such courts the power to inventory and distribute· funds which are confessedly no part of the decedent's estate is manifestly unwarranted by the provisions of section 111 aforesaid. Counsel's contentions that the above constitutional provision is not exclusive and that the term "probate," as used in the constitution, contemplates the exercise of jurisdiction in such transactions as are here involved and authorizes the statute in question, do not appeal to us as sound. But, conceding the correctness of such contentions, it is entirely clear that the county court had no jurisdiction to try and determine the right and title to such funds as between these respective claimants. This view finds ample support in the following, among numerous other authorities; Matter of Thompson, 184 N. Y. 36, 76 N. E. 870; Matter of Will of Walker, 136 N. Y. 20, 32 N. E. 633; In re Haas Estate, 97 Cal. 232, 31 Pac. 893, 32 Pac. 327; Mousseau v. Mousseau, 40 Minn. 236, 41 N. W. 977; Wise v. O'Malley, 60 Tex. 588; 1 Woerner, Law of Adm'n (2d Ed.) p. 345, and cases cited.

The county court having no jurisdiction to adjudicate such question, no such jurisdiction was conferred on the district court by the appeal. Wise v. O'Malley, supra. Counsel for appellants expressly urged in both courts such objection to the jurisdiction; but, even if instead of objecting to the jurisdiction of the county court counsel had expressly consented thereto, the result would be the same. There was a lack of authority to hear and determine the subject-matter of the controversy, and hence jurisdiction could not have been conferred even by consent. Such adjudication was a mere nullity, and must be treated as such. Matter of Will of Walker, 136 N. Y. 29, 32 N. E. 633.

It follows that the judgment appealed from in so far as it adjudges that the respondents are entitled to the fund in question, and requiring the county court to make its final decree distributing the same to them, and also adjudging the payment by appellants Finn and Carney of costs and disbursements to respondents, must be, and the same hereby is, reversed, appellants to recover their costs and disbursements, both in this and in the district court.

All concur, except MORGAN C. J., who did not participate in the decision.