[File No. 6971]

EMELIE MUHLHAUSER, Mathilda Muhlhauser, Bertha Ellwein, Henry Gappert, August Gappert, Fritz Gappert, Theodore Gappert, Raymond Gappert, Charlotte Gappert, Augusta Borner, Emelie Holle Wolf, Henry C. Holle, Abner Larson, Special Guardian of Raymond Gappert and Charlotte Gappert, Minors, and F. C. McCagherty, as Administrator of the Estate of Frederick William Gappert, Also Known as Fritz W. Gappert, Deceased, Appellants and Respondents on Cross Appeal, v. SELMA BECKER and George Gappert, Respondents and Appellees and Appellants on Cross Appeal.

(20 NW2d 363)

Opinion filed August 31, 1945

*Sullivans, Fleck & Higgins,* and *Floyd B. Sperry,* for appellants.

*J. K. Murray,* for respondents and appellees.

BURR, J. In the case of Emelie Muhlhauser et al. v. Selma Becker and Fritz Gappert, known as case #6971 [post, 103, 20 NW(2d) 353] which came before the district court upon the appeal of the plaintiffs herein from the decree of the county

court, taken solely on the ground that the county court had no jurisdiction to determine the issue involved in the claim of defendants to be entitled to the estate of Frederick William Gappert, deceased, we have just decided that since the county court had no jurisdiction to hear and determine the issue presented to it, the district court on such appeal, should have so determined and have reversed the decree of the county court without proceeding to determine the claim of the defendants to the estate involved.

The district court, however, having upheld the action of the county court, proceeded to determine the validity of the defendants' claim on the appeal to the district court, and, while finding in their favor and ordering judgment accordingly, allowed the plaintiffs herein the sum of $975.00 for attorneys' fees and $200.00 for administrator's fees to be paid out of the estate. From the portion of the judgment allowing such fees the defendants appeal.

In view of our decision in this case #6971 (q. v.) the district court should not have made such allowances. Accordingly the judgment appealed from is reversed.

CHRISTIANSON, Ch. J., and MORRIS, BURKE and NUESSLE, JJ., concur.