175 N.W.2d 574 (1970)
In the Matter of the ESTATE of Oscar A. BRUDEVIG, a/k/a Oscar Brudevig, Deceased.
Eli LOE and Clara Loe, Petitioners,
v.
Gertrude OVIND, et al., Respondents, and
David Buen and Craig Buen, Minors, by Elaine Buen, their Special Guardian; Ellsworth Buen, Respondents on Appeal, and
Frank P. Davis as General Administrator of the Estate of Hannah Davis, Deceased; and the said Frank P. Davis and Gertrude A. Dokken, sole heirs-at-law of said Hannah Davis, Deceased, Appellants.
Civ. No. 8572.
Supreme Court of North Dakota.
February 18, 1970.
Rehearing Denied March 10, 1970.
*575 Letnes & Marshall, Grand Forks, for appellants.
Stokes, Vaaler, Gillig, Warcup & Woutat, Grand Forks, for respondents.
A. Roger Kringlie, Northwood, for petitioners.
TEIGEN, Chief Justice.
This is an appeal from a judgment entered in the District Court from a purported order allowing a petition for distribution in the matter of the estate of Oscar A. Brudevig, deceased, of the County Court of Traill County.
It appears Oscar A. Brudevig died testate on March 24, 1960. He left a holographic Will dated January 1, 1956, which was admitted to probate in the County Court of Traill County on August 30, 1960. The estate is being administered by the coexecutors appointed in the Will. The coexecutors, after filing seven annual reports and accounts, one for each year of administration, filed a final report and account, and petition for distribution, in October 1967. Hearings were set and notices served. No objections or exceptions were filed or received in the County Court and, on November 21, 1967, the date set for hearing, the County Court entered separate orders allowing each of the seven annual reports and accounts and, also, an order allowing the final report and account. Contained in the County Court's order entitled, "Order Allowing Final Report and Account", is the following language:
"* * * a petition for distribution having been made at the time of filing such report [Final Report and Account] this court will enter a final decree of distribution upon the expiration of the time to appeal from this order."
Subsequent thereto, three of the legatees named in the Will took an appeal to the District Court. In the notice of appeal the appellants specified certain portions of the petition for distribution with which they were in disagreement. No objection was made to the allowance of the final report and account. The appellants objected to *576 the manner in which the coexecutors proposed to distribute portions of the estate. The appeal was tried in the District Court and it appears no argument was presented or objection made to the manner in which the coexecutors handled the affairs of the estate during their administration. The sole objection was made to the construction placed upon portions of the Will by the co-executors as it affects these appellants. The County Court did not allow the petition for distribution. It made no reference thereto whatever except to state that it would enter a final decree of distribution upon the expiration of the time to appeal from the order allowing the final report and account.
On the state of the record it is clear that no appeal was taken from the order allowing the final report and account. It appears to be an attempt to appeal from the petition for distribution and the County Court's statement that it will enter a final decree of distribution upon the expiration of the time for appeal from the order allowing the final report and account. The title of the instrument also indicates this to be the intent. It is entitled, "Notice of Appeal and Objection to Petition for Distribution."
Section 30-26-01, N.D.C.C., provides:
"Any party to a proceeding in county court, * * * who deems himself aggrieved by * * * any order affecting a substantial right made by a county court, may appeal to the district court of the same county." [Emphasis added.]
We held in In re Johnson's Guardianship (N.D.), 87 N.W.2d 50, that an order of the county court which grants a re-hearing but does not determine legal rights or affect the subject matter of the proceedings in which it is issued, is not appealable to the district court as affecting substantial rights.
The county court has exclusive original jurisdiction over all probate and testamentary matters. Section 111 of the North Dakota Constitution; Northwestern Trust Co. v. Getz, 67 N.D. 15, 269 N.W. 53; In re Edinger's Estate (N.D.), 136 N.W.2d 114; Manikowske v. Manikowske (N.D.), 136 N.W.2d 465. The county court determines by its final decree of distribution who is entitled to the estate and their portions. Section 30-21-10, N.D.C.C. Where a construction of the will is necessary to distribute the estate to the persons entitled thereto, it is clear that the county court is empowered and required to construe the will. Bronson v. Johnson, 76 N.D. 122, 33 N.W.2d 819; Schulz v. Saeman (N.D.), 150 N.W.2d 67. The County Court has made no decision in this respect in this case.
The statute allowing an appeal from an order of the county court provides the order must affect a "substantial right" of the party appealing. Section 30-26-01, N.D.C.C. The order appealed from does not purport to award a distribution nor does it determine in advance how distribution will be made when the time for appeal from the order allowing the final report and account expires. It does not pass on the petition for distribution nor does it construe the Will. The order, with respect to the petition for distribution, is purely procedural. It does not affect the appealing appellants' legal rights to any of the property of the estate available for distribution. Such an order is not appealable as affecting the substantial rights of these appellants.
This case is not parallel with In re Edinger's Estate, supra. In that case we held that an order which passed on a petition for distribution, made at the time the final report and account was filed, was appealable. However, in that case, the petition was challenged in the county court and the county court, by the order appealed from, held that the residue of the estate would be distributed in accordance with the terms of the antenuptial agreement, which was an issue on the appeal. In the case at bar, the County Court has made no order with respect to distribution except to *577 state that a decree of distribution will be entered upon the expiration of the time for appeal from the order allowing the final report and account.
The appellants, by their purported appeal, limited their attack upon the petition for distribution and, therefore, are not entitled to a determination of those questions, in the first instance, in the District Court. The County Court has exclusive original jurisdiction of the issues framed and, until it decides those issues by the entry of an order or decree, there can be no appeal to the District Court.
The issue of jurisdiction of the subject matter was not raised by the parties in the District Court, nor on this appeal, nor was it raised by the District Court. However, if the District Court had no jurisdiction of the subject matter, jurisdiction is not conferred upon this court by appeal from the judgment of the District Court. Finn v. Walsh, 19 N.D. 61, 121 N.W. 766; Muhlhauser v. Becker, 74 N.D. 35, 20 N.W.2d 363; 4 Am.Jur.2d, Appeal and Error, Section 9.
Courts are required to take notice of jurisdictional questions relating to subject matter whether raised by any of the parties or not. Trautman v. Keystone Development Corporation (N.D.), 156 N.W.2d 817; In re Lyons' Estate, 79 N.D. 595, 58 N.W.2d 845; 20 Am.Jur.2d, Courts, Section 92; 5 Am.Jur.2d, Appeal and Error, Section 698. The general rule is that proceedings conducted or decisions made by a court are legally void where there is an absence of jurisdiction over the subject matter. Hermes v. Markham, 78 N.D. 268, 49 N.W.2d 238; In re Lyons' Estate, supra; In re Ashbrook's Estate (N.D.), 110 N.W.2d 184; 20 Am.Jur.2d, Courts, Section 97.
For the reasons set forth herein, we reverse the judgment of the District Court and direct it to dismiss the appeal from the County Court.
STRUTZ and KNUDSON, JJ., concur.
ERICKSTAD, Judge.
I dissent.
As Judge TEIGEN is the author of the majority opinion, I shall hereafter refer to that opinion as the Teigen opinion.
The basic issue before us on this appeal is to whom and in what proportions Oscar Brudevig's estate shall be distributed. As Mr. Brudevig died on March 24, 1960, almost ten years have elapsed without a distribution of his estate being accomplished. At the root of the problem is his handwritten will. We have been asked in our capacity as the State's highest appellate court to determine its meaning and effect in light of our laws and the record before us.
Because of Judge Teigen's over-technical construction of the county court order, the determination of those issues has been postponed indefinitely. As the county court order was dated in November 1967 and it is now February 1970, we have some indication of the time that may elapse before we will again be permitted to consider the merits of the case the Teigen opinion has declined to decide today.
The Teigen opinion reverses the judgment of the district court and directs that court to dismiss the appeal to it from the county court. Unless the parties become so discouraged, as a result of that decision, that they abandon all hope of ever solving their differences in the courts, we may anticipate that, following the remand of the case, the county court will try to issue a more definitive order from which the aggrieved parties may again appeal to the district court. After due hearing of the same issues and a decision by the district court, the aggrieved parties may again appeal to this court for a determination of the same issues that the Teigen opinion has declined to decide today.
Some lawyers who share Judge Teigen's concern for carrying out the letter of a rule irrespective of and contrary to its reasonable objective may agree with the Teigen opinion; but the trial lawyers and the trial judge, who have labored so long in *578 trying to determine the real issues of this case for the benefit of the heirs, will be completely perplexed, and so will the public in general.
The facilitation of the work of the courts is the objective of all procedural rules and statutes relating to the courts. When those rules and statutes are reasonably construed, the work of the courts is expedited; but when they are unreasonably construed, the courts are prevented from doing their work.
There are people today who adhere to a fallacious idea that our judicial system is so antiquated that it can no longer meet and cope with the problems presented to it. With that thinking I do not agree, but I do believe that decisions which reach out, as though grasping for straws, for reasons or excuses for not deciding the true issues on appeal, as the Teigen opinion does, serve to convince those who adhere to that fallacious thinking that they are right.
The solution is that absurd results may usually be avoided by use of reason and common sense in the application of procedural statutes and rules.
I do not disagree generally with the law cited in the Teigen opinion, but I do strongly disagree with the manner in which it has been applied in this case.
I believe that a reasonable construction of the county court order is that the county court granted the petition for distribution and that it determined that a final decree would be entered pursuant to the petition within thirty days of that order if an appeal was not taken therefrom. That the parties so construed it is obvious from their appeal to the district court, and that the district court so construed it is obvious from its consideration of the merits of the case and its findings of fact, conclusions of law, and order for judgment, upon which judgment was entered and from which appeal was taken to our court. The county court order allowing the final report and granting the petition for distribution is certainly an order affecting substantial rights of the aggrieved parties and thus is properly appealable to the district court under § 30-26-01, N.D.C.C. See In re Edinger's Estate, 136 N.W.2d 114, 123 (N.D.1965).
The Teigen opinion casts the lawyers, and the district court judge, as incompetents, for it has them arguing and deciding the merits of the case when the court had no jurisdiction to decide the merits. If from any reasonable construction of the record before us they could be so cast, nothing anyone could say could ease their minds or bind their wounds; but when a reasonable construction of the record casts a different light, I think that light should be shed.
It obviously follows from what I have said here that it is my view that this court should have assumed its proper function as the State's highest court and rendered a decision on the merits of this appeal.
PAULSON, J., concurs.