## FARMERS STATE BANK, of Wild Rose, North Dakota, v. L. B. SMITH, as Administrator of the Estate of Paul B. Cook, Deceased.

(162 N. W. 302.)

**Life insurance — mutual aid — benevolent societies — heirs — statutory provisions — as to beneficiaries — Constitution.**

1. Section 8719 of the Compiled Laws of 1913, which provides that "the avails of a life insurance policy or of a contract payable by any mutual aid. or benevolent society, when made payable to the personal representatives of a deceased, his heirs, or estate, upon the death of a member of such society or of such insured, shall not be subject to the debts of the decedent except by special contract, but shall be inventoried and distributed to the heirs or the heirs at law of such decedent," is not in conflict with § 208 of the Constitution of

NOTE.—On who are "heirs" within the meaning of life insurance policies, see note in 30 L.R.A. 593.

On who are "legal representatives" within the meaning of such policies, see notes in 30 L.R.A. 609, and 32 L.R.A.(N.S.) 247.

North Dakota, which provides that "the right of a debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws, exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined by law, and a reasonable amount of personal property; the kind and value shall be fixed by law."

**Laws — statutes — exemption laws.**
2. Section 8719 of the Compiled Laws of 1913 is not an exemption statute.

**County judge — administrative duties — executors and administrators — constitutional provisions.**
3. Section 8719 of the Compiled Laws of 1913 is not unconstitutional in that it places administrative duties upon the county judges or executors and administrators.

**County judge — title to property — right to try — conferred by statute — constitutionality.**
4. Section 8719 of the Compiled Laws of 1913 is not unconstitutional in that it confers upon county judges the right to try the title to property or money.

Opinion filed March 22, 1917.

Appeal from a final order of the District Court of Divide County affirming an order of the County Court in relation to the disposition of the proceeds of a life insurance policy, *K. E. Leighton*, J.

Finding for petitioner; defendant appeals.

Reversed.

*Engerud, Holt, & Frame,* for appellant.

The statute here in question is not an exemption law, nor was it ever intended to operate as such, and hence violates no provision of the Constitution relating to exemptions. Comp. Laws 1913, § 8719; Rev. Codes 1895, § 6385; Const. § 208; 28 Century Dig. cols. 2377, 2389; 11 Decen. Dig. § 583; 25 Cyc. 886 et seq.

While there is much conflict, usually insurance policies which provide that the insurance is "for the benefit of the estate of the insured" are construed in favor of the heirs at law of the deceased as against his creditors. Pace v. Pace, 19 Fla. 438; Clinton v. Hope Ins. Co. 45 N. Y. 454; Gauch v. St. Louis Mut. L. Ins. Co. 88 Ill. 251, 30 Am. Rep. 554.

It has been held that, where the policy is made payable to the "heirs at law," the wife was held to be entitled to the insurance, to the exclusion

of the next of kin. Alexander v. Northwestern Masonic Aid Asso. 126 Ill. 558, 2 L.R.A. 161, 18 N. E. 556.

As further illustrating the conflict of authorities, it has been held that the wife had no interest in a policy payable to the "heirs" of the insured. Phillips v. Carpenter, 79 Iowa, 600, 44 N. W. 898.

To further illustrate, where the policy uses the words "heirs," "representatives," "estate," or other general terms designating the beneficiary. New York L. Ins. Co. v. Kansas City Bank, 121 Mo. App. 479, 97 S. W. 195; Hayne v. Hayne, 30 Ohio C. C. 628; Lewis v. Brotherhood Acci. Co. 194 Mass. 1, 17 L.R.A.(N.S.) 714, 79 N. E. 802; Harding v. Littlehale, 150 Mass. 100, 22 N. E. 703; Burt v. Burt, 218 Pa. 198, 67 Atl. 210, 11 Ann. Cas. 708; Quick v. Quick, 161 App. Div. 878, 147 N. Y. Supp. 149; Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464; Hamilton v. Darley, 266 Ill. 542, 107 N. E. 798; Pittel v. Fidelity Mut. Life Asso. 30 C. C. A. 21, 52 U. S. App. 638, 86 Fed. 255; Schultz v. Citizens' Mut. L. Ins. Co. 59 Minn. 308, 61 N. W. 331; Hancock v. Fidelity Mut. L. Ins. Co. — Tenn. —, 53 S. W. 181; Thomas v. Supreme Lodge, K. H. 3 L.R.A.(N.S.) 904, note; Hubbard v. Turner, 30 L.R.A. 593 and 609, note; Hunt v. Remsburg, 32 L.R.A. (N.S.) 247, note.

In view of this conflict it is the rule that, in construing such policies, it is proper to resort to extrinsic evidence in order that the intention of the insured as to his beneficiary may be determined; for his intention should govern. 25 Cyc. 886 et seq.

The intent of the assured will be given effect in all these cases. Where, in the policy, the terms "legal representatives" or "estate" are used, the presumption is that the money goes into the estate generally for the benefit of not only the heirs, but of creditors. In all such cases this presumption may be rebutted by parol evidence showing that a different meaning was intended, and in such cases all the attendant circumstances and facts may be shown, because such terms are only prima facie evidence of intent. Hunt v. Remsburg, 32 L.R.A.(N.S.) 247, note.

In view of this conflict of judicial decisions, the need of a definite. statutory rule on the subject is apparent. The statute here in question supplies that need. Rev. Codes 1895, § 6385.

Every person making a contract of insurance since the act took effect was charged with knowledge of the law, and conclusively pre-

sumed to know that, if insurance was payable to "heirs," "personal representatives," or "estate," the insurance would be for the sole benefit of his legal heirs, and his creditors would have no claim upon it. Such terms mean that the administrator of his estate shall be the collecting agent or trustee to receive the money and pay it over to the legal heirs. Gould v. Emerson, 99 Mass. 154, 96 Am. Dec. 720.

Wherever such statutes are found, the attitude of the courts is to uphold them. Chandler v. Traub, 159 Ala. 519, 49 So. 240; Mitchell v. Allis, 157 Ala. 304, 47 So. 715; Heflin v. Allem, 160 Ala. 241, 48 So. 695; Young v. Thomason, 179 Ala. 454, 60 So. 272; Re Whelpley, 169 Fed. 1019; Bradford v. Watson, 65 Fla. 461, 62 So. 484; Flood v. Libby, 38 Wash. 366, 107 Am. St. Rep. 851, 80 Pac. 533; Re Heilbron, 14 Wash. 536, 35 L.R.A. 602, 45 Pac. 153; Golder v. Chandler, 87 Me. 63, 32 Atl. 784; Holmes v. Marshall, 145 Cal. 777, 69 L.R.A. 67, 104 Am. St. Rep. 86, 79 Pac. 534, 2 Ann. Cas. 88; Gibbs v. Knights of Pythias, 173 Mo. App. 34, 156 S. W. 11; Holden v. Stratton, 198 U. S. 202, 49 L. ed. 1018, 25 Sup. Ct. Rep. 656.

The statute is one fixing a definite rule for the interpretation of insurance policies in which the terms "heirs," "representatives," or "estate" are used to designate the beneficiary. It fixes their meaning and legal effect, and does not come within the purview of § 208 of the Constitution. Const. § 208.

The sum payable on a life insurance policy after the death of the insured is not his personal property within the meaning of the Constitution. N. D. Const. § 208.

The exemption laws to which the Constitution relates are statutes which are intended to protect the creditors' part of the debtor's property. These laws, and the Constitution relates to the property constituting the estate of a man while living; i. e., the property which a debtor in his lifetime owns and controls and of which he dies seised. The proceeds of life insurance policy are not that kind of property. Golder v. Chandler, 87 Me. 63, 32 Atl. 784.

The act must be given effect if reasonably possible to do so. It cannot be set aside, unless it is incapable of any reasonable interpretation which will avoid constitutional objections. Northern P. R. Co. v. Barnes, 2 N. D. 310, 51 N. W. 386; Erskine v. Nelson County, 4 N. D. 66, 27 L.R.A. 696, 58 N. W. 348; Folsom v. Kilbourne, 5 N. D. 402, 69 N. W. 291.

*George O. Homnes* and *Purcell & Divet,* for respondent.

The authorities cited by counsel are based upon statutes different from our statute in many instances, and because of the different statutes and different interpretations placed upon them, as to the relationship one must bear to the deceased to bring him within the terms of these classes, much confusion has arisen. Alexander v. Northwestern Masonic Aid Asso. 126 Ill. 558, 2 L.R.A. 161, 18 N. E. 556; Gauch v. St. Louis Ins. Co. 88 Ill. 251, 30 Am. Rep. 554.

The ultimate question here presented is, whether or not the policy and its proceeds are personal property of the insured which passes into and becomes a part of his estate.

If this question is answered in the affirmative, and this statute seeks to withdraw it from the reach of creditors, then the constitutional question is presented. Burdett v. Burdett, 26 Okla. 416, 35 L.R.A. (N.S.) 964, 109 Pac. 922; Finn v. Walsh, 19 N. D. 61, 121 N. W. 766.

The statute here in question was not intended to make the county court, through the executor, a disbursing agent of funds not a part of the estate.

It was the legislative intent that this should be an exemption law. Skinner v. Holt, 9 S. D. 432, 62 Am. St. Rep. 878, 69 N. W. 595.

That an insurance policy is intended, by the legislature, to be property of such character that it belongs to the assured and vests in his estate after death, is not left open to doubt when the statute is properly considered and interpreted. Comp. Laws 1913, § 6629; Codes 1895, § 4612; Chamberlain v. Butler, 61 Neb. 730, 54 L.R.A. 338, 87 Am. St. Rep. 486, 86 N. W. 481.

By statute in this state the family allowance comes ahead of debts, and debts come ahead of bequests. Hence bequests are subject to the family allowance, and this is the general rule. Comp. Laws 1913, §§ 6629, 8727, 8755 and 8762; 18 Cyc. 386; Meyer v. Meyer, 25 S. D. 596, 127 N. W. 595; Prudential Ins. Co. v. Young, 14 Ind. App. 560, 56 Am. St. Rep. 319, 43 N. E. 253; Re How, 59 Minn. 415, 61 N. W. 456.

An exemption of insurance money, as well as of any other kind of property unlimited in amount, violates the provisions of the Constitution as to wholesome and reasonable exemption laws. Brown v. Balfour, 46 Minn. 68, 12 L.R.A. 373, 48 N. W. 604; First Nat. Bank v.

How, 65 Minn. 187, 67 N. W. 994; Holden v. Stratton, 198 U. S. 207, 49 L. ed. 1019, 25 Sup. Ct. Rep. 656; Skinner v. Holt, 9 S. D. 427, 62 Am. St. Rep. 878, 69 N. W. 595.

BRUCE, Ch. J.   Paul B. Cook having died intestate, the appellant L. B. Smith, was appointed to administer his estate.   The decedent held what is commonly called a straight New York life insurance policy, payable, in case of his death, to his estate.   The administrator collected on this policy $3,004, and is holding the money pending the determination in this proceeding as to the disposition thereof.   The administrator asserts that the money is not part of the estate, but belongs to and should be paid over to the decedent's father, who is the sole heir, and according to the provisions of § 8719 of the Compiled Laws of 1913, which provides that "the avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the personal representatives of a deceased, his heirs or estate upon the death of a member of such society or of such insured shall not be subject to the debts of the decedent except by special contract, but shall be inventoried and distributed to the heirs or the heirs at law of such decedent."

The respondent bank, which is a large creditor of the estate of the deceased, contends that § 8719 is unconstitutional, and that the insurance money is part of the estate applicable to the claims of the creditors, notwtihstanding the statute.   The insurance policy was taken out in 1909 and fourteen years after the statute in question was enacted. The statute, therefore, if constitutional, is applicable.

The respondent contends that the act violates § 208 of the Constitution of North Dakota, which reads as follows:   "The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws, exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined by law, and a reasonable amount of personal property; the kind and value shall be fixed by law.   This section shall not be construed to prevent liens against the homestead for labor done and materials furnished in the improvement thereof, in such manner as may be prescribed by law."

The argument of respondent is that the statute is an exemption law, and as it does not fix any limit on the amount of insurance money exempt from creditors' claims, it is violative of the above provision, which

provides for exemption laws which shall merely extend to "a reasonable amount of personal property."

The appellant contends that the statute in question is not an exemption statute; that the money payable on the life insurance policy is not personal property of the debtor within the meaning of § 208 of the Constitution; and that the constitutional provision does not refer at all to the estates of deceased persons, but merely to the debts of heads of families while living, and to their freedom, and to the freedom of their property, from execution and forced sale.

In the case at bar there can be no question that the contract between the insurance company and the decedent would have been perfctly valid, and that the plaintiff father would have been entitled to the money if the policy had been made directly payable to him rather than to the estate of the deceased.

There, too, can be no question that, as the statute was in force at the time of the taking out of the policy, the intention of the deceased must be presumed to have been that his heirs should take the money. Such being the case, the money at no time became a part of the estate of the deceased or subject to the claims of his creditors. Pace v. Pace, 19 Fla. 438.

No one would contend that during his lifetime the deceased could not have given any sum of money to his heirs and placed any sum of money in trust for his heirs that he chose, provided that such gift was not at the time when given in fraud of his creditors. Why should he not pay that money or make that gift in the form of insurance-premium payments?

It is quite apparent, indeed, that the constitutional provision in question was never intended to apply to cases such as before us. It expressly states that its purpose is that the *debtor* may enjoy the comforts and necessaries of life, and that his property may, to a limited extent, be saved from forced sale. The debtor is dead; no forced sale can injure him. As far as his heirs are concerned, they are not debtors and owe none of his debts. It may be that, before the property of the debtor's estate may be distributed to them, the debts of the deceased must be paid. They, however, have no personal liability therefor, for the debts are not their debts.

Even § 8725 of the Compiled Laws of 1913, which provides that

"there shall also be set apart absolutely to the surviving wife or husband or minor children all the personal property of the testator or intestate which would be exempt from execution, if he were living, etc.," and §§ 8723 and 8724, which secure to the surviving husband or wife the family homestead, are not exemption statutes as the term is used in the Constitution. They are not statutes which shall "save the debtor the necessities of life."

The right of inheritances, indeed, or the right of the creditors to resort to the estate of a deceased, is, with the exception of vested liens, not an inalienable right. See United States v. Perkins, 163 U. S. 625, 41 L. ed. 287, 16 Sup. Ct. Rep. 1073; Magoun v. Illinois Trust & Sav. Bank, 170 U. S. 283, 42 L. ed. 1037, 18 Sup. Ct. Rep. 594. And in §§ 8723, 8724, and 8725, in fact, in all of the provisions of the Probate Code, the legislature was not exempting property from debts or dealing with any vested rights, but merely stating that the state would waive its own rights, and would allow the property of a deceased person to be resorted to by his creditors, provided that a certain amount, the homestead and other specified property, should go to the surviving husband or wife.

We are not unaware of the case of Re How, 59 Minn. 415, 61 N. W. 456, and Re How, 61 Minn. 217, 63 N. W. 627. We hardly can concur with the reasoning of these decisions, at any rate in the absence of proof of fraud at the time of the taking of the policy and of debts antecedent to that time. As we have before stated, no one could have questioned the right of the deceased to take out a policy payable to his heirs by name, nor, in fact, to have disposed of all of his property while living, provided that at that time no rights of creditors were affected and no fraud was committed.

As far as the case of Holden v. Straton, 198 U. S. 207, 49 L. ed. 1018, 25 Sup. Ct. Rep. 656, is concerned, we believe that it, in the main, bears out the contention of this opinion.

In the case of Skinner v. Holt, 9 S. D. 427, 62 Am. St. Rep. 878, 69 N. W. 595, the holding was merely confined to antecedent debts, and, although the other points involved were discussed, the finding of invalidity was largely based on article 1 of § 10 of the Federal Constitution, which provides that no state shall pass any law impairing the obligation of contracts, and is thus not inconsistent with our holding here, as no impairment of the obligation of a contract can be claimed.

The policy, too, was an endowment policy, and it has been the tendency of at least some of the courts to look upon such policies as assets of the deceased, and as provisions for the protection of its creditors, rather than as provisions for the needs of one's heirs and beneficiaries. At least, at any rate, to the amount of the cash value.

Nor do we find any argument against the position taken by us, in the suggestion of counsel for the respondent, that § 6629 of the Compiled Laws of 1913 provides that "a policy of insurance upon life or health may pass by transfer, will or succession to any person, whether he has an insurable interest or not, and such person may recover upon it whatever the insured might have recovered." This provision is in no way inconsistent with § 8719, supra. Section 8719 merely provides that in the eyes of the law a policy which is made payable to one's personal representatives or heirs or estate shall be deemed to have been made to the heirs, and that such policy shall go to such heirs free from the debts of the deceased. Section 6629 provides that such a policy may pass by transfer, will, or succession. Section 6629 was the basic law. It first appeared as § 1636 of the old territorial Revised Codes of 1877. It merely provided that a life insurance policy could pass by transfer, will, or succession, and went no further. There was nothing to prevent the legislature from adding to or amending this statute. This was done in § 8719 of the Compiled Laws of 1913, which was first enacted as § 24 of chapter 111 of the Laws of 1897, and which amended § 6385 of the Revised Codes of 1895, where the provision first appears. There is nothing inconsistent between the provisions of §§ 6629 and 8719 of the Compiled Laws of 1913. Even after the enactment of § 8719, a testator could still provide by special contract that the proceeds of life insurance policies payable to his heirs or estate should be subject to his debts, and then transfer or will the remainder.

The only question is, Who should the policy pass to and shall it be burdened with debts or not? If made to the heirs in name it would certainly not have been burdened with the debts of the deceased. All § 8719 provides is that if made payable to them by the general term "heirs," or made payable to "the representatives" or "estate," it shall in like manner be considered a trust fund. This, of course, does not prevent one from making a special contract either in the policy or in the will by which the proceeds of the policy may be made subject to the

debts of the deceased and the residue only made payable to the beneficiary or legatee.

Counsel for respondent also contends that it could never have been intended that the county court should have been made a disbursing agent for anything else than the estate of the deceased, and that such a construction would render the statute unconstitutional. He cites the case of Skinner v. Holt, supra, and Finn v. Walsh, 19 N. D. 61, 121 N. W. 766. Such, however, we believe to have been the express intention of the legislature. Section 6385 of the Revised Codes of 1895 contained an express provision after the words, "are not subject to the debts of the decedent except by spcial contract," to the effect that, "but in other respects shall be inventoried and disposed of like other property." Section 8083 of the Revised Codes of 1905, and § 8719 of the Compiled Laws of 1913, omitted the words, "like other property," and changed the clause to the following "but shall be inventoried and distributed to the heirs or heirs at law of such decedent." From these amendments we come to the conclusion that the legislature intended that the administrator or executor should inventory the policies and the amount, if any, received thereon, and that he should then distribute the proceeds to the heirs, rather than put the same into the estate.

But counsel for the respondent contends that this cannot be done, and that to confer upon the administrator or executor such powers would render the statute unconstitutional. He cites in support of this contention the case of Finn v. Walsh, supra. We believe, however, that there is no merit in this contention. All that the case just cited held was that the probate court had no power to adjudicate the title to the proceeds of such policies as between contesting heirs. It, it is true, by way of *obitum,* seemed to intimate that it would have no power to distribute property, but we hardly think that this objection is tenable. If there are in the contract of insurance special provisions which provide that the property shall become a part of the estate, then of course the probate court has jurisdiction to act in the matter. The statute does not require the probate judge to distribute. All it provides is that the property shall be inventoried and distributed. It is certainly not too much to require of a probate court, or rather of an executor or administrator who is to a certain extent a public officer or, at any rate, a public servant for the time being, that he shall inventory such property which comes

into his hands and distribute it as the law requires. The duty of distribution is placed upon him, and not upon the county court. Even if placed upon the county court, the statute would, for this reason, hardly be unconstitutional. See Cass County v. Nixon, 35 N. D. 601, L.R.A. 1917C, 897, 161 N. W. 204.

The judgment of the District Court is reversed, and the cause is remanded for further proceedings according to law.

ROBINSON, J. (dissenting). I dissent on the grounds that § 8719, Compiled Laws of 1913, is in reality an exemption statute which does not limit the exemption to a reasonable amount or to any sum. It permits a party to put all his property beyond the reach of creditors, and the constitutionality of an act is to be determined by what may be done under it.