ELIZABETH W. TALCOTT, Respondent, v. LAURA BAILEY, Individually and as Executrix of the Estate of Frederick H. Bailey, Deceased, Appellant.

(208 N. W. 549.)

**Life insurance — policy of life insurance payable to estate of insured is payable to insured's heirs who take by contract; jurisdiction of county court.**

1. Following Finn v. Walsh, 19 N. D. 61; Farmers State Bank v. Smith, 36 N. D. 225; and Marifjeren v. Farup, 51 N. D. 78, and pursuant to § 8719, Comp. Laws 1913, it is held, that a policy of life insurance, payable to the estate or the executors, administrators, or assigns of the insured, is deemed to be payable to the heirs of the insured, and that such heirs take the avails thereof by contract and not by descent.

**Life insurance — will disposing of "estate" does not affect proceeds of life insurance policy.**

2. Where the insured, whose policies are payable as indicated in the preceding paragraph, makes a will and disposes of his "estate" or his "property," it is held, for reasons stated in the opinion, that the proceeds of the policies are wholly unaffected by the will.

Opinion filed February 18, 1926. On rehearing April 9, 1926.

Exemptions, 25 C. J. § 118 p. 72 n. 43. Life Insurance, 37 C. J. § 127 p. 424 n. 77; § 332 p. 570 n. 82; § 352 p. 587 n. 91 New.

Appeal from the District Court of Cass County, *Cooley,* J.

Affirmed.

*Shure & Murphy,* for appellant.

The evident purpose of the law was to exempt from the payment of the decedent's debts the proceeds of all life insurance, which might become assets of the estate, and hence subject to distribution by the county court. Finn v. Walsh, 19 N. D. 68.

Even after the enactment of § 8719, a testator could still provide by special contract that the "proceeds" of life insurance policies payable to his heirs or estate should be subject to his debts, and then transfer or will the remainder. Bank v. Smith, 36 N. D. 225.

Note.— (2) Disposal by will of proceeds of life insurance, see 14 R. C. L. 1395.

The statute is one fixing a common rule for the interpretation of insurance policies in which the terms "heirs," "representatives" or "estate" are used to designate the beneficiary. It fixes their meaning and legal effect. Ibid.

Life insurance payable as here to the executors, administrators and assigns is property of the insured, and is subject to his disposal, and, even in the absence of exemption statute, is subject to the claims of his creditors like other property. Bank of Minden v. Clement, 256 U. S. 127, 65 L. ed. 857 and cases cited.

*Barnett & Richardson,* for respondent.

"Such fund is and was no part of the decedent's estate . . . the insured had no interest in such fund . . . the fund was no portion of the estate." Finn v. Walsh, 19 N. D. 61.

The money at no time became a part of the estate of the deceased. Bank v. Smith, 162 N. W. 302.

The proceeds of the insurance policies do not become a part of the decedent's estate. Maizner v. Zumpf, 199 N. W. 183.

An assignment of the policy, even if made in decedent's lifetime, could not operate as a change in the beneficiary so as to prevent the beneficiary in the policy from taking. In other words, there is a distinct difference between an assignment and a change of beneficiary. Muller v. Company (Colo.) 161 Pac. 148; Douglas v. Company (La.) 90 So. 834; Anderson v. Bank (N. J.) 105 Atl. 599.

JOHNSON, J. The plaintiff is a daughter of Frederick H. Bailey, deceased, and one Nan W. Bailey. In April, 1922, the deceased and Nan W. Bailey were divorced, and in September, 1923, he married the defendant and executrix in this proceeding, Laura Bailey. Frederick H. Bailey, at the time of his death, held two policies of life insurance, the proceeds of which are in issue in this proceeding. The contest is between Laura Bailey, the widow of the insured and executrix of his estate, and the plaintiff, his daughter by his first wife. Both policies are so-called old line policies. One of them, that issued by the Northwestern Mutual Life Insurance Company of Milwaukee, stipulated that the insured might designate the beneficiary and change the same when a beneficiary was not irrevocably designated. The change in beneficiary, however, could be effected only when "made in

writing and filed at the home office of the company, accompanied by the policy, for suitable indorsement prior to or at the time this policy shall become payable." The beneficiary in this policy was Nan W. Bailey; on December 8, 1921, the deceased changed the beneficiary from Nan W. Bailey, to the "executor, administrator, or assigns of the insured." The change was approved by the company and endorsed upon the policy. The other policy, issued by the Mutual Life Insurance Company of New York was made payable to "Frederick H. Bailey, his executors, administrators, or assigns."

The policies contained the following provisions relating to assignment:

"Northwestern Mutual Life Insurance Company Policy:

"No assignment of this policy shall be binding upon the company *until* it be filed with the company at its home office. The company assumes no responsibility as to the validity of any assignment, and satisfactory proof of assignee's interest must be produced on making claim."

Mutual Life Insurance Company of New York Policy:

"The company declines to notice any assignment of this policy, until the original assignment or a duplicate or a certified copy thereof shall be filed in the company's home office. The company will not assume any responsibility for the validity of an assignment."

It will be observed that both policies recognize the right of assignment.

On December 19, 1923, the insured made a will, and on July 29, 1924, he died. Probate proceedings were commenced, the will was offered and admitted to probate and Laura Bailey was appointed executrix. The Northwestern Mutual admitted liability upon its policy in the amount of $4,658, executing its draft therefor payable jointly to Laura Bailey, both as executrix and individually, and to the plaintiff. The Mutual Life Insurance Company also admitted liability and executed its draft payable in like manner. The defendant is in possession of the proceeds of the drafts, but refuses to deliver one half of the same to the plaintiff.

It is stipulated that plaintiff and the defendant are "the sole heirs

at law of the said Fred H. Bailey . . . subject, however, to the provisions of the will."

The insured devised and bequeathed one-tenth interest in *his estate* to his sister for the maintenance of his mother during her life; all the remainder of *his property* he gave to his wife, Laura Bailey, defendant herein. The third paragraph of the will reads as follows: "To my daughter Elizabeth W. Talcott, I leave no part of *my property,* she having heretofore received all that she ought to be entitled to."

The court found substantially the foregoing facts and held, as a matter of law, that plaintiff and defendant are the sole heirs at law of the insured; that the proceeds of the insurance policies should be inventoried and distributed to Elizabeth W. Talcott, and Laura Bailey, as the heirs at law of the insured, share and share alike; and that the plaintiff is entitled to one half of the proceeds of the policies together with one half of the interest accruals. The court held further that the plaintiff was entitled to interest on one half of the proceeds to November 25, 1924, that being the date on which this action was commenced; and that she was entitled to interest at the rate of 6 per cent on one half of the policy proceeds subsequent to November 25, 1924, together with costs and disbursements.

The plaintiff brought this action on the theory that she is entitled to one half of the avails of the insurance policies under the provisions of § 8719, Comp. Laws 1913, asserting that she is an heir within the meaning of that term as used in the statute. It seems to have been the view of the trial court that she was entitled to one half of the avails of the policies by contract and not by descent, and that the insured did not dispose of the proceeds of the policies by his will so as to deprive her of such right. The defendant contends, in effect, that the insured changed the beneficiary in the policies by his will; that the insured wished the proceeds of the policies to be distributed to the persons named in the will as legatees, and that he clearly manifested a purpose and intention to exclude the plaintiff from any participation therein.

Plaintiff rests her case largely upon the authority of § 8719, Comp. Laws 1913, and the following decisions of this court: Finn v. Walsh, 19 N. D. 61, 121 N. W. 766; Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302; Marifjeren v. Farup, 51 N. D. 78, 199 N. W.

181; Maixner v. Zumpf, 51 N. D. 140, 199 N. W. 183; Re Coughlin's Estate, 53 N. D. 188, 205 N. W. 14.

Section 8719, supra, reads:

"The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the personal representatives of a deceased, his heirs or estate upon the death of a member of such society or of such insured shall not be subject to the debts of the decedent except by special contract, but shall be inventoried and distributed to the heirs or the heirs at law of such decedent."

The first three decisions supra, counsel for the defendant has exhaustively analyzed; some statements therein he calls merely dicta and challenges as unsound; others are described as inconsistent with and contradictory of prior holdings. Briefly the argument seems to be: In Finn v. Walsh, supported by expressions of individual members in Krumenacker v. Andis, 38 N. D. 500, 165 N. W. 524; this court held that § 8719, was one of exemption and "nothing else;" that such being the correct construction, avails of policies of the kind here involved become a part of the estate, and may, like any other portion of the estate, be disposed of by the will of the insured; and that here the testator did so dispose of the avails to the exclusion of the plaintiff. It is then urged that in Marifjeren v. Farup, this court completely departed from the theory of Finn v. Walsh and held that the statute "created vested contract rights in the heirs and heirs at law," whether insured died testate or intestate, to the avails of the policy when made payable to the estate, the heirs, or the personal representatives. Counsel then says that by judicial construction this statute has evolved from one intended to protect certain assets of the decedent's estate against the claims of creditors, into one which prevents such assets from ever becoming a part of the estate. Counsel insists that the case of Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302, is legal precedent only upon the question of the constitutionality of § 8719, under § 208 of the Constitution. In view of the able and earnest argument of counsel in support of his position, it becomes necessary to refer to the holdings in these cases.

In Finn v. Walsh, supra, the contest was between the legatees named in the will and the heirs at law of the testator over the title to the proceeds of two benefit certificates in certain fraternal organizations. The

benefits under each certificate were payable to the "legal heirs" of the insured; in the will, made about one year and eight months before he died, the testator designated Mary Finn and another as legatees of all his personal property, and attempted to bequeath to them the proceeds of the certificates. Walsh owned no real property at the time of his death. When the testamentary administrator had fully administered the estate he presented a final account and prayed for a final distribution. The heirs at law—relatives of the decedent—thereupon answered the petition of the administrator setting up a claim to the proceeds of the certificates, then in the possession of the administrator, based upon the proposition that they were the "legal heirs" of the decedent; that Mary Finn, et al., were not related to the decedent; and that the insured could not, by will or otherwise, change the beneficiary for the reason that the by-laws of the mutual benefit societies restricted the benefits under the certificates issued by it, to blood-relatives of the member. Walsh, et al., prayed that the proceeds be distributed to them as the heirs at law. At the hearing before the county court, findings were made to the effect that the insured had, by his will, changed the beneficiaries named in the certificates from his "legal heirs" (Walsh et al.) to Mary Finn et al., and that by paying the money to the administrator, the societies waived any objection that might otherwise have been raised to the manner in which the beneficiaries were changed. A decree of distribution was entered accordingly, and an appeal therefrom taken to the district court. On that appeal the judgment was reversed, in so far as the distribution of the proceeds of these certificates was concerned, and the county court ordered to make its final decree, distributing the proceeds to Walsh, et al., as heirs at law of the insured. Finn et al., appealed to the supreme court.

The court held that the county court was without jurisdiction to adjudicate the question of title to the fund, and to decree to and vest in Finn et al., the proceeds of the benefit certificates, for the reason that the fund "is and was no part of the decedent's estate; . . . the county court . . . could not, therefore, enter any valid judgment with reference to the distribution thereof." It was held, for the same reason, error for the district court to adjudicate such title and to direct the county court to distribute such fund.

The court said that the *insured, having no interest in the fund,*

merely had the right to designate to whom it should be paid *after* his death; that whoever might be entitled to the avails of the policies, "they take by contract and not by descent." The court further said that the county court had no authority, under § 8719, Comp. Laws 1913, to determine the title to the proceeds, or to inventory and distribute the proceeds of such certificates; and that it is not necessary "to determine the constitutionality of this section as above construed." It is said, arguendo, that if it were held that the county court had jurisdiction over the proceeds of the policies, so as to have power to decree the distribution thereof, and to try the question of title to its avails, the statute would be violative of § 111 of the Constitution which restricts the jurisdiction of county courts to probate, testamentary, and guardianship matters; that an attempt to confer upon such court power to inventory and distribute funds which are not a part of the decedent's estate, would be wholly unwarranted. This language was not essential to a decision of the only question, which the court said was involved in that case. Such is the holding in Finn v. Walsh. Counsel therefore, is mistaken when he asserts that the doctrine of the Marifjeren Case rests solely upon Farmers State Bank v. Smith, supra. It is evident that the heirs take by contract and not by descent, and it is expressly so held in Finn v. Walsh.

In Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302, the question of the interpretation of § 8719, was again before the court. One Cook, at the time of his death, held what is called in the opinion, a "straight New York Life Insurance policy," by its terms payable, in case of death, to his "estate." The administrator collected the face of the policy and held the money to abide the decision of the court upon the claim of the bank, which was a creditor of the decedent, to the proceeds, or a part of the proceeds, on the theory that § 8719, Comp. Laws 1913 was unconstitutional, in this that it is an exemption statute and, not having fixed the amount that could thus be exempted, it is violative of § 208, of the state Constitution. The contest here was between creditors and heirs.

Disposing of the constitutional objection, the court held that § 208, was not intended to apply to a case of this kind; that the purpose of the section is to make reasonable provision "that the *debtor* may enjoy the comforts and necessaries of life;" that the heirs are not *debtors*

and have no personal liability on account of the decedent's debts; that §§ 8723–8725, Comp. Laws 1913, which provide that certain property shall be set apart absolutely for the surviving spouse and children, are not exemption statutes "as the term is used in the Constitution." The court points out that the right of inheritance and the right of creditors to resort to the property of a deceased debtor, with the exception of vested liens, is not an inalienable right. That in the cited sections of the probate code the legislature was not exempting property from debts or dealing with vested rights, but merely waived the right of the State and permitted the property of a deceased person to be pursued by his creditors after setting apart, from the general mass of the estate, a certain amount for the benefit of the family.

There follows some discussion in the opinion, largely by way of argument. It is asserted that §§ 8719, and 6629, Comp. Laws 1913, are in no wise repugnant or inconsistent. Further, construing § 8719, the court says that if the policy is made payable to the "heirs" or the "representatives" or "estates," the avails constitute a trust fund to be disbursed to the persons included in the class designated in the policy, by the administrator or executor of the estate. The court distinctly points out that the duty of distribution devolves upon the *administrator and not upon the county court*. The effect of the discussion upon this part of the case seems to be that the legislature really intended that the administrator or executor should inventory the policies and the amount received thereunder and then distribute the proceeds to the heirs; that the proceeds thereof should not be put into the estate; that no duty in this regard was intended by the legislature to be imposed on the county court; and that, therefore, under this construction of the act, in harmony with the conclusion in Finn v. Walsh, the statute is not violative of § 111 of the Constitution, as attempting to lay upon the county court duties not contemplated by that section. Nothing in this case in any way conflicts with or overrules the holding in the case of Finn v. Walsh, to the effect that the proceeds of the insurance policies do not become a part of the estate, that the heirs take by contract and not by descent, and that consequently the county court has no jurisdiction to adjudicate title to such fund.

In Marifjeren v. Farup, 51 N. D. 78, 199 N. W. 181, this matter was again before the court. The heirs at law of the insured decedent

brought the action against the executor of his last will and testament to recover the proceeds of Life Insurance policies with the Mutual Life of New York and the United States Government. The policies were made payable to the "estate." The insured left a will in which he directed the payment of his debts and by the terms of which he attempted to create a trust fund for the plaintiffs in that action, from which they should be paid certain money, from time to time, according to the discretion of the trustee. The will made no direct reference to the insurance policies, or the proceeds thereof. The executor listed as assets of the estate, the avails of the policies, which had been collected by him; also one automobile. The plaintiffs, the widow and children, claimed the fund as heirs at law; that the money was not subject to general administration or to be affected in any way by the terms of the will which purported to create a trust; that the proceeds vested in them as grantees free from any control by the executor, either under the will or the law governing the administration of the estates of decedents. The plaintiffs relied on § 8719, Finn v. Walsh, 19 N. D. 61, 121 N. W. 766, and Farmers State Bank v. Smith, supra. The defendant in that case contended that it was competent for the insured, by will, to create a trust fund out of the proceeds of such life insurance policies, for the benefit of the heirs at law, to be paid to them, from time to time, as he might direct in the instrument creating the trust. The defendant conceded that the insurance money became no part of the estate and that the county court had no jurisdiction over the proceeds.

The court states the sole question as follows: "Upon the record the sole question of law presented, is whether the life insurance moneys of the deceased belonged to and were payable to his heirs at law *or were subject to disposition by his will.*" (Emphasis is ours.) The court held, citing Farmers State Bank v. Smith, supra, that a policy made payable to an estate "is the same as if made payable to the heirs and hence that the proceeds of such policy pass to the heirs by contract, and not by descent." Consequently, § 6629, Comp. Laws 1913 —has no more application than it would have to a policy directly made payable to the heirs.

Obviously, this conclusion is in harmony with the holding in Finn v. Walsh, to the effect that the proceeds of such a policy do not become

a part of the estate, and pass to the heirs at law by "contract and not by descent." It may be that Finn v. Walsh would have been an authority more directly in point than Farmers State Bank v. Smith; but the Marifjeren Case is clearly bottomed on the doctrine of Finn v. Walsh. In the Marifjeren Case the testator's will was construed by the executor as an attempt to create a trust fund in the proceeds of insurance policies payable to the estate of the insured; the corpus of the trust was a fund which was no part of his estate, in which he had no interest, and which passed to his heirs, under § 8719, by contract and not by descent. The basis of the holding in Finn v. Walsh and Marifjeren v. Farup is the same, and there has been no such evolution, by judicial interpretation, as counsel describes.

The holding in St. John v. American Mut. L. Ins. Co. 13 N. Y. 31, 64 Am. Dec. 529, is the foundation for § 6629, Comp. Laws 1913. Our section appears in identical form as § 1237 of the Field Code. In the New York case the insured assigned a policy for $2,000 to a creditor. The policy was payable to the "heirs, executors, administrators or assigns" of the insured. The court held: (1) that the policy was not merely an indemnity contract and that the right of recovery was not limited to the consideration paid by the assignee, but that he might recover the face of the policy; (2) that "policies of insurance are choses in action," and are governed by the same principles as other agreements involving pecuniary obligations; (3) and that an insurable interest is not essential to the validity of such assignment. This statute dealt with the policy, as a chose in action, and not with the proceeds. This distinction between § 6629 and § 8719 has not always been observed. The latter section is concerned with the *avails* of policies.

It seems, therefore, that a life insurance policy, under which the insured has the right to change the beneficiary is regarded as a chose in action and may be assigned or transferred by will in this state; and that § 6629, supra, was intended to and did settle that question. Counsel for the defendant insists that this right remains unimpaired, notwithstanding § 8719, supra; that the two provisions are separate and distinct, and deal with separate and different propositions. He contends that the attempt to reconcile them, or construe them together,

made in Bank v. Smith, supra, is not only dicta, but abortive and wholly unsuccessful.

Whatever merit there may be to the contentions of the appellant regarding § 6629, and the discussion thereof in Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. .302, we think there is no conflict in the decisions upon the following propositions; we regard them as settled law: (1) The county court is without jurisdiction to adjudicate the question of title to the proceeds of an insurance policy payable to the heirs, or the estate of the insured, because: (a) whoever might be designated in the policy by the insured to receive the proceeds after his death, takes "by contract and not by descent," and, (b) such proceeds do not become a part of the decedent's estate; (2) that § 8719, supra, does not attempt to confer jurisdiction on the county court in violation of § 111 of the state Constitution, and the duty to inventory and distribute the proceeds of such a policy rests .on the executor or administrator and not on the court; (3) that § 8719, is not an exemption statute within § 208 of the state Constitution. This last point was raised and decided in Farmers State Bank v. Smith, supra, and was not considered in Krumenacker v. Andis, 38 N. D. 500, 165 N. W. 524, supra, although the dicta in Farmers State Bank v. Smith with respect to §§ 8723 and 8724, seem to have been disapproved by individual members. Four of the five members of this court wrote opinions in the Andis Case.

Assuming, without deciding in what manner, that a policy payable to the heirs or the estate of the insured may be transferred by provisions in the will, the question here is, was such a transfer effected so as to deprive the heirs of the right to the proceeds, under section 8719, supra? We think not. Clearly, the effect of § 8719, is not to put the "heirs" in any better position than they would have been in had their names been written into the policies as beneficiaries thereunder. We are satisfied that the purpose of that statute was and its effect is to fix the meaning of the term "heirs," "representatives" or "estate," when used in insurance policies to designate beneficiaries. Clearly, also, the right to transfer the policy by will or assignment still remains under § 6629, supra. That is, § 6629, was not repealed by Sec. 8719. We see no escape from the conclusion that the insured failed to make such a transfer in his will as will deprive the plaintiff of her right,

as an heir, to share in the distribution of the proceeds of the insurance policies in suit. He devises and bequeaths "my estate" or "my property." This court has held, as we have pointed out, that the proceeds of the policies do not become a part of the estate; that such proceeds are not *property* of the testator, in the sense that they pass as a part of his estate, but that they go to the beneficiaries by contract and not by descent. The testator's purpose to give no part of his "estate" to the plaintiff is clearly expressed; but he as clearly failed to effectuate an intent, if one was entertained, to deprive her of the right to receive her share of the proceeds of insurance contracts to which she was entitled under the unequivocal provisions of § 8719.

The judgment of the trial court is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and NUESSLE, JJ., concur.

On petition for rehearing.

PER CURIAM. It is earnestly contended by the appellant that the effect of the decision in this case is to destroy "freedom of contract,—that is, the right to contract for insurance for one's own benefit upon one's own life." No such result follows, either from the decision in the instant case or from the cases cited in the opinion. All this court has said is simply that when a policy is payable to "the personal representatives of a deceased, his heirs or estate," the avails of such a policy must be distributed to the persons belonging to the class enumerated in the same manner and with the same legal effect as if the names of the "heirs" had actually been specified in the contract of insurance. Neither the statute, § 8719, Comp. Laws 1913, nor any decision of this court limits, or attempts to limit, the right of the insured and the insurer to contract as they may see fit with respect to the proceeds of the policy or its transfer by will or assignment.

The petition for a rehearing is denied.

CHRISTIANSON, Ch. J., and JOHNSON, BURKE, NUESSLE, and BIRDZELL, JJ., concur.