GEORGE H. FUNK, Respondent, v. HEINRICH LUITHLE, as the Administrator of the Estate of Elizabeth Metzger, Deceased, Appellant.

(226 N. W. 595.)

417

Opinion filed August 12, 1929.

*Otto Thress,* for appellant.

*S. P. Rigler,* for respondent.

BURR, J.  Edward Metzger was in the military service of the United. States during the World War and as such had a contract for war risk insurance with the United States in which Edward Metzger, his father, and Elizabeth Metzger, his mother, were named as beneficiaries.  The son died in military service leaving neither wife nor child.  For some time the United States Veterans' Bureau made monthly payments to both beneficiaries until the father died.  The bureau continued making payments to the mother as the sole beneficiary, until she died on June 11, 1927, and at the time of her death the remaining unpaid installments due under the contract of war risk insurance amounted to $6,485.

Prior to the death of the mother the plaintiff commenced an action against her for the recovery of money, and judgment was entered in the district court of Stark County in favor of the plaintiff and against the mother in the sum of $444.57, which judgment was docketed in the district court on May 17, 1927.

Proceedings for the probate of the estate of the mother were commenced in Stark County and the defendant Heinrich Luithle was appointed administrator. After the death of the mother proceedings for the probate of the estate of the deceased soldier were commenced in Hettinger county and an administrator appointed. The amount due from the United States was paid by the bureau to the administrator of the estate of the deceased soldier, and in the settlement of this estate the net proceeds of his estate were paid to the administrator of the mother's estate.

During the process of the administration of the estate of the mother the plaintiff presented to the county court of Stark County the aforesaid judgment as a claim but it was rejected by the county court. Plaintiff commenced this action against the administrator, to enforce his claim. The district court found in favor of the plaintiff and from the judgment entered in favor of the plaintiff the defendant appeals.

It is conceded that the estate of the deceased soldier consisted solely of the amount still due and remaining unpaid under his contract of war risk insurance; and that the whole of the estate of the mother consists of this money received from the estate of her son.

It is the contention of the defendant that this money in the hands of the administrator of the estate of the mother is not subject to this debt represented by the judgment, on the theory that this is insurance money and that the Federal exemption statute and the provisions of § 8719 of our Code apply in such cases.

This error arises from a misconception of the nature of war risk insurance. In Von Der Lippi-Lipski v. United States, 55 App. D. C. 202, 4 F. (2d) 169, it is said: "It has been repeatedly held that a beneficiary under such a contract did not have a vested interest in installments of insurance not accrued and that such contract is not an ordinary contract of insurance nor is it in the nature of a pension, but is rather of the character and nature of both." Under the provisions of the United States Statutes (§ 10,309, Barnes's Code for 1919 and

Statutes amendatory thereof) beneficiaries, as such, have no vested interest in the contract of war risk insurance.. The fact the mother was the beneficiary named as the person to receive the monthly payments did not give her a vested interest in unpaid installments of the policy. It is true that under the Federal statute only certain persons may be designated as beneficiaries to receive these monthly payments; but the beneficiary has no vested right in the policy. Battaglia v. Battaglia (Tex. Civ. App.) 290 S. W. 296; Re Pivonka, 202 Iowa, 855, 55 A.L.R. 570, 211 N. W. 246; Re Storum, 220 App. Div. 472, 221 N. Y. Supp. 771. The beneficiary could not have by will disposed of the unpaid balance due. Sutton v. Barr, 219 Ky. 543, 293 S. W. 1075. See also Cassarello v. United States (D. C.) 271 Fed. 486, affirmed in (C. C. A. 3d) 279 Fed. 396, where it is held that the contract between the government and the insured is not an ordinary contract of insurance and that in principle it lacked the character of a vested interest, and the same could not be passed by the last will of the designated beneficiary. See Gilman v. United States (D. C.) 290 Fed. 614, affirmed in (C. C. A. 3d) 294 Fed. 422. The contract involved in this war risk insurance is a contract between the soldier and the government, and Congress has the power at any time to change the class of beneficiaries and to provide to whom the money shall be paid upon the soldier's death. As said in Palmer v. Mitchell, 117 Ohio St. 87, 55 A.L.R. 566, 158 N. E. 187. "If, in his certificate of insurance, the soldier had designated a beneficiary prior to the adoption of said Act of March 4, 1925, said beneficiary has not such vested interest therein as will prevent Congress from enacting later legislation giving the balance of the insurance due at the beneficiary's death to the estate of the insured." The statute gives the remainder to the estate of the insured. This means the balance after payments to the beneficiary have been deducted. Thus neither the mother, nor the mother's estate, as beneficiaries, has any interest in the money. Whatever interest her estate has is created by the law of succession as adopted by this state, and not because of any interest the mother had in the policy as such. There was no contract between her and the United States. See also Helmholz v. Horst (C. C. A. 6th) 294 Fed. 417; White v. United States, 270 U. S. 175, 70 L. ed. 530, 46 Sup. Ct. Rep. 274.

On March 4, 1925, a Federal statute was enacted providing:

"If the designated beneficiary—survives the insured and dies prior to receiving all of the two hundred forty installments or all of such as are payable and applicable there shall be paid to the estate of the insured the present value of the monthly installments, etc." U. S. C. title 38, § 514.

The mother as surviving beneficiary having no vested interest, when she died, then under the provisions of this Federal statute thus quoted, the remainder due under the contract of insurance was paid to the estate of the soldier. Being thus the property of the estate of the deceased soldier it is to be distributed according to the laws of this state. This means that the "fund is to be treated as any other asset of the estate and paid over to persons entitled thereto." See in Re Ryan, 129 Misc. 248, 222 N. Y. Supp. 253. When paid to the estate of the deceased soldier it was insurance money not subject to his debts, and to be distributed to his heirs.

Appellant says that § 454 of U. S. C. title 38, which provides: "Compensation, insurance and maintenance and support allowance—shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under parts II, III or IV; and shall be exempt from all taxation" is applicable to this case. This is error however. Such section would be applicable to cases where creditors of the deceased soldier were attempting to enforce claims against his estate and sought to subject this fund as his estate to the payment of their claims. The same may be said with reference to § 8719 of our Code, cited by the appellant. The appellant contends that by virtue of the decision in Finn v. Walsh, 19 N. D. 61, 121 N. W. 766; Talcott v. Bailey, 54 N. D. 19, 208 N. W. 549, and other cases the provisions of § 8719 of our Code are applicable. An analysis of this law and the decisions will show that they might apply to claims against the estate of the deceased soldier; but are not applicable in this case.

It was not the avails of a life insurance payable to her that her estate received; it was property which at one time had been the avails of an insurance policy payable to the estate of her son and which came to her the same as any other property which she might have received from an estate. This exemption statute quoted from the United States

Code, and as § 8719 of our Code are exemption statutes in favor of those to whom the insurance money is paid. Where a man dies leaving an insurance policy payable to his estate the avails of such policy are not subject to his debts unless made so by special contract (§ 8719); but when these avails have been distributed to his heirs they lose the character which gives them exemption. The creditors of his heirs may levy on such property in an action against the heir the same as they could levy upon any other property.

The judgment claim of the plaintiff was a valid claim against the estate of the mother. It was a debt she owed and which should have been allowed by the county court in any event no matter from what source she received the property. The allowance of the claim is a separate matter. It depends upon the validity of the claim itself. There is no dispute but what the plaintiff has a valid claim. What the appellant seeks to do is to prevent this property received from the estate of the son being subjected to the claim. The county court should have allowed the claim and the district court was correct in so deciding. The estate of the mother consisting of property coming from the estate of her deceased son, and not the avails of the insurance policy payable to her estate, the provisions of § 8719 do not apply. The district court was correct in holding that the property belonged to the estate of the mother, was subject to the payment of this claim and therefore the judgment is affirmed.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.