IN THE MATTER OF THE ESTATE OF WILBUR G. ROOT,
Deceased, W. G. Root, Appellant, v. R. D. CHILDS, as Adminis-
trator of the Estate of Irene G. Root, Deceased, Respondent.

(226 N. W. 598.)

Opinion filed August 12, 1929.

*Clair F. Brickner,* for appellant.

*Dullam, Young & Burke,* for respondent.

BURR, J. This action involves the right to share in war risk insurance. One Wilbur G. Root, hereafter known as the son, was a soldier in the United States army. He had war risk insurance and named his mother, Irene G. Root, as beneficiary. His father was W. G. Root hereafter known as the father. On November 23, 1919 the son died in Siberia in service, but with his domicile in Foster county of this state. He left his father and mother, but no wife, descendant or brother or sister. The father and mother were divorced at the time of the son's death. The mother continued to receive monthly payments as beneficiary until the time of her death in February 1925. The county court of Foster county, upon the application of the father, appointed him administrator of the estate of his son; and in the state of Washington, R. D. Childs, one of the defendants was appointed administrator of the mother's estate.

The Federal statute respecting the payment of war risk insurance, and in force at the time of the death of the mother says:

"The insurance shall be payable only to a spouse, child, grandchild, parent, brother or sister, and also during total and permanent disability to the injured person or to any or all of them. The insurance shall be payable in two hundred forty equal monthly payments . . . if the designated beneficiary does not survive the insured, the insurance shall be payable to such persons within the permitted class of beneficiaries as would under the laws of the state of the residence of the insured, be entitled to his personal property in case of intestacy. . . ." See § 10,309 Barnes Federal Code.

The act of December 24, 1919 enlarged the permitted class of beneficiaries. In § 303 chapter 320 of the United States statutes for the year 1924 we find:

"If no person within the permitted class of beneficiaries survive the insured, or if before the completion of payments the beneficiary . . . shall die and there be no surviving person within said permitted class, then there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable. . . ."

After the death of the mother in February of 1925, these statutes were amended respecting the distribution of any remainder and provided:

"If the designated beneficiary . . . survives the insured and dies prior to receiving all of the two hundred forty installments, or all such as are payable and applicable there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, such value to be computed as of date of last payment made in any existing award."

See Act March 4, 1925, chap. 553, § 14, 43 Stat. at L. 1310 being § 514 of U. S. C. title 38.

Upon the death of the mother the remainder of the war risk insurance due was paid to the estate of the son. The defendant Childs, as administrator of the estate of the mother made application to the county court of Foster county for a half interest in the proceeds of such insurance policy and this application was denied. The administrator then appealed to the district court of Foster county which court reversed the county court. Findings of fact, conclusions of law, order for judgment and judgment were made in accordance therewith. The father appeals to this court.

As said by the appellant in the case the "proceeds of the estate in controversy consists of the proceeds of the United States war risk insurance policy issued to the son." It is the contention of the appellant that the estate of the son "has no interest in, right nor title to, nor claim of demand upon any part of such fund;" that the county court of Foster county "had no jurisdiction to distribute such fund nor to determine title or ownership thereto," and therefore the district court of Foster county had no jurisdiction, on this appeal, "to determine any controversy respecting such fund nor to order the county court to distribute the same as the proceeds of the estate" of the son.

The district court was correct in holding the county court had jurisdiction to determine who were entitled to the unpaid balance of this

war risk insurance. Appellant cites the cases of Finn v. Walsh, 19 N. D. 61, 121 N. W. 766; Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302; Talcott v. Bailey, 54 N. D. 19, 208 N. W. 549; Hill v. Hanna, 57 N. D. 412, 222 N. W. 459 and Jorgensen v. De-Viney, 57 N. D. 63, 222 N. W. 464, as interpreting § 8719 of our Code, and in an attempt to show the "county court had no jurisdiction to try and determine the right and title to such fund as between the respective claimants, and consequently the district court on appeal acquired no jurisdiction to adjudicate such question."

Though § 8719 of our Code says:

"The avails of a life insurance policy when made payable to his estate . . . shall not be subject to the debts of the decedent except by special contract but shall be inventoried and distributed to the heirs or heirs at law of such decedent," and has been interpreted to mean that the county court has no jurisdiction of such avails to administer the same, yet this section is not applicable in this case as the Federal statute controls. This section quoted provides the insurance shall not become part of the estate, and the cases cited show the heirs take by contract and not by descent, but the Federal statute provides that this insurance money shall go to the estate. "A contract made in pursuance of a Federal statute must be construed with reference to such statute, and cannot be controlled by the state laws or decisions." Cassarello v. United States (D. C.) 271 Fed. 486; Watson v. Tarpley, 18 How. 517–521, 15 L. ed. 509–511; Calhoun Gold Min. Co. v. Ajax Gold Min. Co. 182 U. S. 499, 45 L. ed. 1200, 21 Sup. Ct. Rep. 885, 21 Mor. Min. Rep. 381. As said by the Supreme Court of Wisconsin, "Federal statutes govern in determining who is entitled to unpaid installments due on war risk policy after death of person first entitled." Fink's Estate, 191 Wis. 349, 210 N. W. 834. Therefore so far as this form of insurance is concerned § 8719 does not apply. These avails become as much a part of the estate as any other sums of money due and owing to the decedent at the time of his death.

In his petition to the county court for letters of administration the appellant set up that the sole estate of his son was the proceeds of this war risk insurance; that he himself was the sole and only heir; that the mother had died, that the total proceeds of the estate did not exceed the sum of $4000 being the balance of insurance due from the United

States government on the life of the said Wilbur G. Root; that there was no real estate or other property and that he himself was the next of kin and heir at law under the law of succession; and so he petitioned that letters of administration be issued to him. Such letters were issued in due course, and at the proper time he filed his final report and accounting with a petition for distribution wherein he set forth that he had received from the war risk insurance the sum of $3979; that this was the total amount received and that the expenses were $187.93 with a balance on hand of $3791.07; that there were no debts; that the decedent died intestate leaving as heirs at law the father and mother and that the mother had died, and "that they and they only are entitled to the residue of said estate." The court issued the notice and citation of hearing to all parties to appear at a time and place set for the settlement of the account and at that time the defendant Childs appeared as administrator of the mother's estate. At the hearing the final report and account was allowed and the final decree of distribution was entered finding the father to be "the sole and only heir of said deceased as to the proceeds of such insurance money" and denying the petition of defendant Childs as administrator of the mother's estate. The county court therefore vested all of such property in the plaintiff. There was no objection to this hearing on the part of plaintiff, in fact he instituted the whole proceedings. He asked the county court to determine these issues. In the district court the facts were stipulated; there was no objection raised in the district court as to jurisdiction of the county court and so the matter was heard on its merits. Even if the county court had no jurisdiction, the district court has a right to determine who will be entitled to the avails of an insurance policy under the interpretation of § 8719 of the Code as given by the cases cited. The jurisdiction was invoked and no objection raised as to the manner of exercise, therefore this contention cannot be sustained.

As said by this court in Brissman v. Thistlethwaite, 49 N. D. 417, 427, 192 N. W. 85, "This court has repeatedly held that when a case, which involves a question within the general jurisdiction of the district court, is presented to the district court, with either the express or tacit consent of the parties that the question so presented be determined, the question of the propriety of the remedy becomes immaterial and

cannot be subsequently raised." See also Minneapolis, St. P. & S. Ste. M. R. Co. v. Stutsman, 31 N. D. 597, 154 N. W. 654; Lobe v. Bartaschawich, 37 N. D. 572, 164 N. W. 276.

The real issue is as to when the heirs of the decedent are to be determined. The county court held in effect that the mother had such an interest as beneficiary that the estate had no interest until after her death and that the heirs were to be determined as of the date of the death of the mother, while the district court held that the heirs were determined as of the date of the death of the soldier.

The district court was correct in its interpretation. The fact the mother was the beneficiary named as the person to receive the monthly payments did not vest the policy in her at the death of the son defeasible to his heirs at her death. In the case of Funk v. Luithle, ante, 416, 226 N. W. 595, decided at this term we held a beneficiary has no vested interest in unpaid installments of such insurance and therefore the estate of the beneficiary has no interest in these installments as insurance money. The statute gives the remainder to the estate of the insured. This means the balance after payments to the beneficiary have been deducted. Upon the death of the beneficiary the remainder was paid to the estate of the deceased. We need not determine whether the statute, before the amendment of March 4, 1925, would have limited the descent to those who could have been named beneficiaries. The appellant makes no claim to a vested interest The beneficiary named died before all payments were made. The United States Veterans' Bureau paid the money to the estate of the deceased soldier. It is true the mother had died before the amendment of March 4, 1925, and the father was the only one left within "the permitted class of beneficiary" under the law in effect at that time, but it is for the bureau to determine in the first place to whom payment shall be made upon the death of the beneficiary. As shown in the case of Greiner's Estate, 195 Wis. 332, 218 N. W. 437:

"The question must be decided in the first instance by the United States Veterans' Bureau. If any who claim the right to the proceeds of the policy be dissatisfied with the ruling of that department they may commence an action against the United States government in the district in which such person or any of them reside for the purpose of establishing a right to the fund. The United States Veterans' Bureau

decided that the proceeds of the insurance policy in question should be paid to the estate of the deceased soldier and it was accordingly paid."

This is the situation here. But it is at the death of the decedent that the rights of his heirs in his estate become fixed. It is then "the estate of the insured came into being." Re Pivonka, 202 Iowa, 855, 55 A.L.R. 570, 211 N. W. 246. If the son had real estate at the time of his death no one would question the rule applicable to the determination of heirship. The fact that all he had for an estate was whatever balance might remain in case his mother should die before the policy was exhausted does not alter the right of succession thereto. As said in Williams v. Eason, 148 Miss. 446, 55 A.L.R. 574, 114 So. 338:

"At his death, the insured, therefore, had an interest or estate in the proceeds of the insurance. It is true that it was an interest or estate contingent upon his mother, the beneficiary in the certificate, dying before she received all the installments payable under the terms of the certificate. Such contingency, however, did not prevent it from being an interest or estate inheritable by the insured's heirs."

It is conceded that his father and his mother were his heirs at the time of his death. The fact that they were divorced is not material. Each was entitled to one half of his estate. Had the mother predeceased him then the father would have been his sole heir. But the mother survived so she became a co-heir. She, being deceased, the interest which would have gone to her passes to her estate to be distributed to her heirs.

The decision of the district court awarding one half of the amount to the defendant Childs as administrator of the estate is correct and is therefore affirmed.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.