SUCCESSION OF ROBINSON

___

(February 2, 1931. Opinion and Decree.)
(March 2, 1931. Rehearing Refused.)
(April 27, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

___

Quintero & Ritter, of New Orleans, and Clyde V. St. Amant, of Donaldsonville, attorneys for appellees.

Arthur J. Peters, of New Orleans, attorney for appellants.

JANVIER, J. Hugh J. Robinson, during the recent world war, had been in the military service of the United States.

After leaving the service he became incapacitated as the result of tuberculosis and was placed in one of the government hospitals.

He claimed disability compensation from the United States Veterans Bureau, but died before his claim was finally allowed.

After his death the bureau refused to pay the claim to anyone except "his personal representative," so his sister, Mrs. Louis R. Moustier, qualified as administratrix of his estate and, in that capacity, received from the bureau the sum of $1,850.

This was the sole asset of the estate.

The administratrix, Mrs. Moustier, then filed an account on which, among other items, appeared the following:

"Mr. and Mrs. Louis R. Moustier, rent of room occupied by the decedent at No. 838 Camp Street, from April, 1927, to August 1st, 1928, 16 months at $15.00 per month, $240

"Mr. and Mrs. Louis R. Moustier, amount due by decedent for room and board at No. 838 Camp Street for the period from August 1st, 1925, to March 31st, 1927, being twenty months at the rate of $30.00 per month, 600

"Amount due Mrs. Louis R. Moustier, being reimbursement of the amounts advanced to the decedent or paid out for his account with funds belonging to her separate estate, and constituting her separate and paraphernal funds, viz.:

"Cash advanced to the decedent at the rate of $5.00 per week for a period of 68 weeks, from April, 1927, to July 31st, 1928, 340"

Since decedent left no will and was without ascendants or descendants, his only heirs at law were certain sisters and a half sister. Included among the sisters was Mrs. Moustier, the administratrix.

The three items mentioned above were opposed on various grounds, among which are found the following:

First, that under the World War Veterans Compensation Act, U. S. C. A., sec. 454, Title 38, the items shown on the account are prohibited from being paid since they are claimed to be debts of decedent's estate.

Second, that part of the amounts shown on the items opposed are prescribed because, under article 3534 of the Revised Civil Code, claims of innkeepers for board and lodging are prescribed by one year.

Third, that the amounts are not, in fact, really due, or, if due, are excessive.

The judgment of the court below maintained the opposition and from that judgment the claimants have appealed.

The contention that the federal act under which the compensation allowance was awarded is itself a complete bar to the various opposed claims is, in effect, an exception of no cause or right of action, and, if well founded, will dispose of the entire controversy, and we, therefore, deem it advisable to first consider the questions presented by that contention. Section 454, Title 38 of U. S. C. A. reads, in part, as follows:

"The compensation, insurance, and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under parts II, III, or IV; and shall be exempt from all taxation."

The items in question are, if due, debts of the person to whom the award was made. Thus, those debts cannot be paid out of the award, for, whatever may have been the purpose of the framers of the

legislation, no exception is made in cases where the award is allowed to a former soldier, but he dies before collecting the amount thereof.

It was made to him and thus, in the plain words ·of the statute, it "shall not be subject to the claims of (his) creditors." If it were payable directly to his heirs, the situation might be different, but his personal representative stands in his position and the plain words of the statute prevent his creditors from collecting out of this fund.

The case of Funk v. Luithle, 58 N. D. 416, 226 N. W. 595, instead of supporting the contention of the administratrix, confirms our views as above expressed. There a former soldier died, leaving as his sole heirs and beneficiaries his mother and his father. Later the father died. A creditor of the mother obtained a judgment against her. Shortly thereafter the mother died. In the meantime certain unpaid installments due the estate of the soldier under his contract of war risk insurance were paid to his estate and through his estate were turned over to the estate of his mother.

The sole asset of the soldier's estate and the sole asset of the mother's estate consisted of these unpaid installments. The mother's heirs contended that, under Section 454, Title 38, U. S. C. A., as quoted above, the creditors of the mother were prohibited from enforcing their claims against this fund, but the court said that the section in question did not go so far as to prevent the seizure, in the hands of ultimate heirs, of funds inherited from a former soldier just because the funds had originated as the result of a compensation or war risk insurance claim, but in that case the court said that, if the soldier had died and if, thereafter, his com-

pensation claim had been paid to his estate, which is ·the exact situation here, then the section (454) "would be applicable to cases where creditors of the deceased soldier were attempting to enforce claims against his estate, and sought to subject this fund as his estate to ·the payment of their claims." As we have already said, this fund was due to the former soldier, the award was made to him, and, therefore, the proceeds cannot be subjected to claims of his creditors.

It thus becomes unnecessary to discuss the other controversies presented.

The judgment appealed from is affirmed.